COPENHEAVER
*vs*
HUFFAKER, &c.

in one year, is within the statute of frauds and cannot be enforced specifically.

---

CHANCERY.

*Case* 6.

*Sept.* 18.

The case stated.

## Copenheaver *vs* Huffaker, McBeath, & c.

### APPEAL FROM THE WAYNE CIRCUIT.

#### *Fraudulent Conveyances.*

JUDGE MARSHALL delivered the opinion of the Court.

THE decree brought up by this appeal, declares void a mortgage and deed made by Judy T. Whitworth to Copenheaver, conveying 100 ᶠacres of land, which Thomas Whitworth, brother of the grantor, had fraudulently con. veyed to her, with intent to hinder and delay his credit-

ors, and subjects the land thus conveyed, to the satisfaction of two judgments obtained by Huffaker and McBeath, against Whitworth, upon which executions had been returned "no property found."

The absolute deed from J. T. Whitworth to Copenheaver, having been made after the process on the two bills brought to subject the land, had been served on the grantor, must be considered as made *pendente lite*, and as conferring no title against the suit. The question, therefore, is whether the mortgage is to be deemed fraudulent and void as to the creditors of T. Whitworth, because the title of the mortgagor was in her hands, fraudulent as to said creditors.

Copenheaver, to whom this mortgage was made, was himself a creditor of T. Whitworth at the time of the fraudulent conveyance to J. T. Whitworth, and it was to secure an alledged debt, amounting to $297 80, and the additional sum of $100 paid by him, and which went in discharge of a judgment against T. Whitworth, on the promise of a mortgage for his entire indemnity, that the mortgage in question was made to secure the entire sum of $397 80. The land which had been fraudulently conveyed, was mortgaged, not to secure a debt of the fraudulent grantee, but to secure a debt of the fraudulent grantor. This circumstance, in connection with others, which need not be detailed, leaves little doubt that Copenheaver knew, or had good reason to believe, that the deed to the mortgagor was fraudulent and without consideration. And indeed, he pronounced it to be a sham, long before he took the mortgage.

The Court is however of opinion, that a *bona fide* creditor of a fraudulent grantor, though believing, from his knowledge of the parties and attendant circumstances, that the grant was a fraud upon him and other creditors, might, if he had no connection with the fraud itself, honestly take a mortgage from the fraudulent grantee, to secure his own just demand against the fraudulent grantor; and that if such mortgage be taken in good faith to secure his own debt, without any view to aiding in the consummation of the fraud as to other creditors, or to defeat them further than is necessarily implied in secur-

COPENHEAVER
*vs*
HUFFAKER, &c.

A *pendente lite* purchase from one holding a fraudulent conveyance, passes no title against the suit.

A *bona fide* creditor of one who has fraudulently conveyed his property, may, if he have no connection with the fraud, take a mortgage from the fraudulent grantee to secure his own demand against the fraudulent grantor, which will be valid.

ing a preference to himself, a Court of Equity should not postpone him to other creditors having no lien at the time, but coming in afterwards to subject the property, on the ground of the original fraud. But a party thus attempting to raise an equity, or a title on a fraudulent deed, should establish the entire purity of his own connection with it. And we are not satisfied that this has been done in the present case.

Copenheaver was the brother-in-law of the fraudulent grantor, who had married his sister. He lived in the same neighborhood, had had dealings with him, had paid a security debt for him which was re-paid, may be presumed to have been acquainted with his embarrassed condition, and while he was doubtless desirous of securing whatever was due to himself, he may also have desired that something should be saved for his sister and her family. These considerations might not have raised a doubt against the good faith of the mortgage, if it had stood alone, and had secured the immediate or speedy payment of a debt which was already due. But conceding what is not altogether clear, that the debt to the amount of $397 80, has been satisfactorily established, the mortgage gives a credit of eighteen months. And then within seven months from its date, and nearly a year before the credit had expired, the mortgagee on the very day of the service of the subpœna on the mortgagor, took an absolute conveyance of the property, for the alledged consideration of $400, which was something less than the debt and interest, and was precisely half of the consideration mentioned and acknowledged to have been received in the fraudulent deed to the mortgagor; and there is no proof that $400 was a fair price for the land.

When the date of this deed, and the other circumstances referred to, are considered, there is room for the inference, that this absolute deed was taken with fraudulent intent. Its effect is to exclude all other creditors from reaching the land, without any evidence that the consideration is a fair one, and under strong presumption that it was not. The inference, that the land so far as its value exceeded the consideration of $400, was to be held

A brother-in-law cr. living in the same neighborhood with his debtor, took a mortgage from a fraudulent grantee of his creditor, his brother-in-law, and after suit brought by another to vacate the conveyance first made for fraud, took an absolute conveyance of the property mortgaged, (land) for less than the debt named in the mortgage, no proof as to the value of the land and the consideration expressed on the deed being less than the debt specified in the mortgage—Held that these circumstances justified the inference of fraud in the absolute deed and mortgage.

in trust for T. Whitworth, imparts the character of fraud to this part of the transaction, and subjects it in its origin to the same imputation. We are of opinion, therefore, that Copenheaver does not occupy the attitude of a *bona fide* mortgagee, acting merely for his own security, without any view to the injury of other creditors.

Wherefore, the decree is affirmed.

*Harlan & Craddock* for appellant: *B. & A. Monroe* for appellees.