Pecos & Northern Texas Railway Company v. Mrs. M. A. Rosenbloom et al.

No. 2364. Decided February 10, 1915, June 26, 1915.

### 1.—Discovered Peril—Contributory Negligence.

Where the question of defendant's liability was submitted solely on the issue of negligence after discovering the perilous situation of deceased, his negligence in getting into such perilous situation constituted no defense and a charge submitting that issue was properly refused. (P. 295.)

### 2.—Same—Damages—Comparative Negligence.

Article 6649, Revised Statutes, enacting that contributory negligence shall not prevent a recovery, but have the effect of diminishing the damages recoverable, has no application to a recovery based solely on defendant's negligence after discovery of peril. In such case it has no effect for either purpose. (P. 296.)

ON MOTION FOR REHEARING.

### 3.—Death — Federal Liability Act — Interstate Commerce — Cases Distinguished.

The cases of St. Louis, S. F. & T. Ry. Co. v. Seale, 229 U. S., 156, and North Carolina R. Co. v. Zachary, 232 U. S., 248, holding that a railway clerk examining and making a record of the number of cars in a train carrying shipments between states is engaged in interstate commerce, and liability for his death or injury while so engaged is governed by the Federal Employers' Liability Act, and not by state laws, are distinguished from the present, in which the findings of the appellate court show an absence of evidence that the employe was engaged about a train of cars then employed in interstate commerce. (Pp. 295-297.)

Error to the Court of Civil Appeals for the Seventh District, in an appeal from Potter County.

Mrs. Rosenbloom, for herself and as next friend for her minor children, sued the railway company for negligence causing the death of her husband. The Court of Civil Appeals affirmed a judgment in favor of the plaintiffs and defendant, the appellant, obtained writ of error.

This case was brought before the Supreme Court of the United States on writ of error; and the decision here rendered was reversed by that court, holding that there was sufficient evidence to raise the question whether deceased was engaged in interstate commerce, and to require the giving of the instruction requested by defendant, and refused, that

in such case plaintiffs were not entitled to recover in the capacity in which they sued. Pecos & N. T. Ry. Co. v. Rosenbloom, 240 U. S., 49. The case being remanded to the Supreme Court of Texas, it was, on May 31, 1916, reversed and remanded to the trial court in accordance with that ruling.

*Terry, Cavin & Mills, Madden, Truelove & Kimbrough,* and *F. M. Ryburn,* for plaintiff in error.—The trial court erred in refusing to give in charge to the jury special charge No. 10, requested by defendant, for that the issue of contributory negligence was raised by the pleadings and the testimony, was not submitted to the jury in the court's charge, and such special charge correctly presented the law as to contributory negligence. Gen. Laws, 1909, p. 280 (sec. 2.) ; Employers' Liability Act, 1908, Thornton, p. 243; M. W. R. Co. v. Ernest, 229 U. S., 114; N. C. & St. L. Ry. Co. v. Banks, 161 S. W., 554; Pope v. Railway Co., 155 S. W., 1175, 1176; Freeman v. Kennerly, 151 S. W., 580; Railway v. Everett, 40 Texas Civ. App., 285, 89 S. W., 457; Freeman v. Carter, 81 S. W., 81; I. & G. N. Ry. Co. v. Reeves, 35 Texas Civ. App., 162, 79 S. W., 1099.

Plaintiffs' cause of action, if any they have, arose under the Federal Employers' Liability Act, to the exclusion of the State law. Thornton's Employers' Liability and Safety Appliance Act, sec. 2, p. 35, and notes on p. 38; Id. sec. 24, p. 43, and notes on pp. 44 to 49; Id. p. 150, 151, 165, 168, secs. 115, 116, 132, and 133, sec. 17-a, p. 32, and note 51*, p. 33; Rhodes v. Iowa, 107 U. S., 412; Covington, etc., Bridge Co. v. Kentucky, 154 U. S., 209; Penn. R. R. Co. v. Hughes, 191 U. S., 477-478; Davis v. C. M. & St. P. Ry. Co., 93 Wis., 470, 57 Am. St. R., 935; St. L. S. F. & T. Ry. v. Seale, 299 U. S., 156; M. C. R. R. Co. v. Vreeland, 227 U. S., 59, 67; Second Employers' Liability Cases, 223 U. S., 1, 53; Briggs v. Walker, 171 U. S., 466, 471; Am. R. R. Co. v. Burch, 224 U. S., 545, 557; M. K. & T. Ry. v. Wulf, 226 U. S., 570, 576; Troxell v. D. L. & W. Ry. Co., 227 U. S., 434, 443.

An employee whose duty is to take the numbers of and seal up and label cars, some of which are engaged in interstate and some in intrastate traffic, is directly and not indirectly engaged in interstate commerce. St. L. S. F. & T. Ry. v. Seale, 229 U. S., 156, 158-161.

The true test as to whether or not an employee is engaged in interstate commerce always is: Is the work in question a part of the interstate commerce in which the carrier is engaged? Pedersen v. D. L. & W. R. R., 229 U. S., 152; McCall v. Cala., 136 U. S., 104, 109; Second Employers' Liability Cases, 223 U. S., 1, 6, 59; Johnson v. S. P. Ry. 196 U. S., 1, 21.

The court erred in refusing to give in charge to the jury special charge No. 13 requested by defendant, which is as follows: "If M. A. Rosenbloom, at the time of his death was engaged in examining seals and making record of seals on cars being transported interstate over the line of defendant and other lines of connecting carriers, and if such work

was a necessary part and a customary work reasonably carried on by defendant as a part of its business transporting freight interstate over its line, or if he had then just completed such inspection of said train and had not yet completed his record and placed it in the place where usually kept, then you will return a verdict for the defendant on its special plea that plaintiff had no right to maintain this suit in the capacity in which she sues." C. R. I. & P. R. R. v. Stahley, 62 Fed., 363; Pitts, etc., Ry. Co. v. Lightheizer, 168 Ind., 438; Callahan v. St. L. M. B. Co., 170 Mo., 473, 71 S. W., 208, and 194 U. S., 628.

The trial court erred in refusing to charge the jury peremptorily to return a verdict for the defendant; because the testimony is insufficient to show actionable negligence on the part of defendant, or its employees. St. L. S. W. R. R. v. Matthews, 34 Texas Civ. App., 302, 79 S. W., 71; I. & G. N. Ry. Co. v. Jackson, 41 Texas Civ. App., 51, 90 S. W., 918; St. L. S. W. Ry. Co. v. Hunt, 100 S. W., 968; I. & G. N. Ry. Co. v. Ploeger, 93 S. W., 226; Davis v. Railway Co., 57 Am. St. R., 936, 940; Railway Co. v. Kellogg, 94 U. S., 469.

*J. A. Stanford* and *H. H. Cooper,* for defendants in error.—The general laws, 1909, page 280, of the Legislature of this State and Employers' Liability Act, 1908, of Congress, in no particular affect or change the law of contributory negligence as applied to discovered peril. General Laws 1909, page 280, section 2; Employers' Liability Act 1908, Thornton, p. 243; article 4560j, Revised Statutes; G. H. & S. A. Ry. Co. v. Murray, 99 S. W., 155; Shearman & Redfield, 5th ed., sec. 99; Thompson on Negligence, vol. 1, sec. 240; I. & G. N. Ry. Co. v. Walters, 161 S. W., 916; St. Louis B. & M. v. Vernon, 161 S. W., 84; N. & W. R. Co. v. Earnest, 229 U. S., 114.

Appellee's petition shows upon its face that this suit is brought under the State law and sets forth a cause of action recognized by the laws of this State and the answer of the defendant wholly fails to inject into the case any Federal question, but if it did, such answer would not be sufficient to oust the State court of jurisdiction. St. L. S. F. & T. Ry. Co. v. Roff Oil & Cotton Co., 128 S. W., 119; I. & G. N. Ry. Co. v. Motley, 211 U. S., 119; M. K. & T. Ry. Co. of Texas v. Neeves, 127 S. W., 1090.

If the evidence had shown that M. A. Rosenbloom was engaged in interstate commerce still appellees would have the right to prosecute this suit in the State court, as the State court would have concurrent jurisdiction. Act of April 5, 1910, amending Federal statutes; M. K. & T. Ry. Co. v. Blalack, 128 S. W., 705; Nelson v. Railway Co., 172 Fed., 478.

Although plaintiff in the lower court may have alleged facts tending to show that the deceased employee was engaged in interstate commerce, may have made the direct allegation that the deceased employee was so engaged in interstate commerce, yet should the evidence fail to show that such deceased employee was so engaged plaintiff will not be de-

prived of the right to recover under the State law. Wabash R. Co. v. Hayes, 234 U. S., 86.

Where the duty of the deceased employee required him to perform work in connection with both interstate and intrastate traffic, as to whether or not he was engaged in one or the other will depend upon the particular character of work in which he was engaged at the time he was injured and unless the evidence shows that he was engaged in the performance of duties in connection with interstate traffic at the time of his injuries, it will not be held that he was engaged in interstate commerce, Illinois Cent. R. Co. v. Behrens, 223 U. S., 473.

The verdict of the jury is amply supported by the evidence. H. & T. C. Ry. Co. v. Finn, 109 S. W., 918; H. & T. C. Ry. Co. v. Finn, 107 S. W., 94; Hardin v. St. Louis S. W. R. Co., 134 S. W., 508; Texas Central Ry. Co. v. Dumas, 149 S. W., 543; Railway Co. v. Summers, 111 S. W., 214; Gehring v. Railway Co., 134 S. W., 288.

Mr. Chief Justice BROWN delivered the opinion of the court.

Mrs. M. A. Rosenbloom, for herself and as next friend of her minor children, Milton and Matilda Rosenbloom, and also for the use and benefit of Minnie and Isaac Rosenbloom, instituted this suit in the District Court of Potter County against the Pecos & Northen Texas Railway Company, to recover damages occasioned by the negligent killing of her husband, M. A. Rosenbloom, who was father of her children and the son of Minnie and Isaac Rosenbloom.

We make the following condensed statement of the facts as found by the Court of Civil Appeals, to-wit:

M. A. Rosenbloom was in the employ of the railway company as a clerk, and a part of his duty was to take the numbers and other necessary descriptive matter of cars going out in the trains that left Amarillo. There was a train of cars standing on the main track in the railway yard at Amarillo, on which M. A. Rosenbloom was engaged in his work of checking up the cars and getting the numbers for the purpose of making a proper report of same. There was a sidetrack, which ran parallel to the main track on which the train stood, at which he was working, that lay very near to the main track, so near that if a man were to stand between the cars on the main track as they were and the other cars passing by, he would be in danger of being knocked down by the passing cars. On the sidetrack there was a locomotive and tender, which was, for some purpose not necessary to mention, passing on the sidetrack so that it would pass by the cars on which Rosenbloom was at work. Discovering the engine coming when it was near him, Rosenbloom undertook to pass over in front of the approaching engine, in order to escape the danger of being struck at a place between the cars. The engineer on the locomotive which was approaching on the sidetrack saw Rosenbloom on the track, but did not check the speed of his engine, and it caught Rosenbloom on the track and killed him. It does not appear in

the statement of facts that any notice was given to Rosenbloom so that he might have escaped before the engine came so near to him.

There is no question in the case as to the relation of the plaintiffs to Rosenbloom. There is no evidence of negligence on his part, except the fact that under the conditions he attempted to make his escape on the sidetrack in front of the approaching engine. The engineer, as we have stated, saw Rosenbloom as he started across the track, and testified that he made some attempt to stop the engine but failed to do so.

No question is made as to the amount of the verdict in this case, nor is it attempted to show that Rosenbloom was guilty of negligence except as stated above. The plaintiff in error submits to this court two propositions, as follows:

First. That the plaintiffs have no right to recover in the character in which they sue, because Rosenbloom was engaged in interstate commerce at the time he was killed, and therefore they must be governed by the Federal Liability Act.

Second. That the court erred in refusing to give the jury the charge requested by the defendant on the subject of contributory negligence by Rosenbloom.

The Court of Civil Appeals found and so state in the opinion that there was no evidence before the court upon which they could say that Rosenbloom was engaged in interstate commerce at the time, even if it be held that the work he was doing would constitute interstate commerce, provided there were any cars in that train which were carrying interstate freights. It was not shown that there was any freight of such character, or any car destined to points beyond the State in the train on which Rosenbloom was engaged at the time. Since the question is not raised by the facts found by the court it is unnecessary for us to discuss the question as to whether he would be so regarded if it were true that the cars were loaded with interstate freight. That question is very important and not free from difficulty, and therefore we refrain from expressing an opinion where it is not called for by the facts of the case.

The District Court submitted but one issue to the jury, that is, the issue of discovered peril, whether the operative of the engine discovered Rosenbloom on the track when he was in danger in time to have prevented injuring him, and failed to use all necessary efforts to avoid killing him. It therefore follows that unless the operatives of the engine were guilty of that negligence and of killing the man after they knew of the danger, no recovery could be had, and it is beyond all question the law that the negligence of the party killed will not excuse the act of killing him. If it did, there could be no such recovery as provided for under the rule. It matters not that a man may be negligent, in fact, that he may be wholly disregardful of his own safety, yet it is true that the law will not permit operatives on a train to run upon a negligent party and destroy his life because he is negligent. The negligence of the party killed is no defense to an action based on discovered

peril.  Therefore the District Court did not err in refusing to submit the charge to the jury as to his negligence.

The defendant's claim for a reduction of damages on account of the negligence of the deceased is based upon the following provision of our statutes:  Art. 6649, Vernon's Sayles' Statutes.

"Contributory negligence, rule as to.—In all actions hereafter brought against any such common carrier or railroad under or by virtue of any of the provisions of the foregoing article, and the three succeeding articles to recover damages for personal injuries to an employe, or where such injuries have resulted in his death, the fact that the employe may have been guilty of contributory negligence shall not bar a recovery, but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employe.  . . . "

This statute applies only to cases in which the defendant might make his defense on account of the negligence of the party injured.  It can not apply to a case in which the negligence of the party deceased constitutes no defense to the action, and as we have shown in this case that the negligence of the deceased would constitute no defense to the action, therefore there could be no reduction of damages recovered by reason of the killing in a case where the law of discovered peril determines the rights of the parties.  The court therefore properly refused to give the charge to the jury.  We find no reversible error in the proceedings of the court, and the judgments of the District Court and the Court of Civil Appeals are therefore affirmed.

*Affirmed.*

Opinion delivered February 10, 1915.

### ON MOTION FOR REHEARING.

MR. CHIEF JUSTICE PHILLIPS, who had, during the pendency of the motion, succeeded Mr. Chief Justice Brown, deceased, delivered the opinion of the court.

The opinion delivered in the case by the late Chief Justice Brown on the original hearing, in its statement of the case, is corrected in the following particulars so as to conform to the findings of fact made by the Honorable Court of Civil Appeals:

At the time of Rosenbloom's death a freight train of the plaintiff in error was leaving its yards in Amarillo upon track No. 4, moving out slowly upon the track.  Just before his death, Rosenbloom was walking between track No. 4 and track No. 5, immediately adjacent, in the same direction the train was moving.  The Court of Civil Appeals has found that the testimony did not disclose for what purpose Rosenbloom was walking between the tracks by the side of the moving train, or what he had been doing, if anything, just before the accident.  This freight train was composed of cars which had come in from New Mexico over the line of the railway company and were destined for points without the State of Texas, except one car destined for a point within the State of Texas.  The original opinion was possibly further inaccurate

in stating that the space between the tracks was so narrow that one standing between them with cars upon one of the tracks was in danger of being knocked down by passing cars upon the other.

It is urged by the Railway Company that Rosenbloom, as its employe, was engaged in interstate commerce at the time of his injury, subjecting the asserted cause of action to the government of the Federal Employer Liability Act. This contention is based upon the fact that the freight train by the side of which Rosenbloom was walking just before the accident, carried interstate freight, and that Rosenbloom was a yard clerk whose duties included the examination of such a train and the making of a record of the numbers and initials on the cars, and the inspection and making of a record of the seals on the car doors, etc. From this it is insisted that while he was engaged in that character of work and until he had returned to the office of the company from such work with respect to the train in question, he was employed in interstate commerce. The cases of St. L. S. F. & T. Ry. v. Seale, 229 U. S., 156; N. C. R. Co. v. Zachary, 232 U. S., 248, are cited upon the question. In our opinion the evidence did not raise the issue. Neither of the cases cited can be held to reach this case. In the first, Seale, whose duties were similar to those of Rosenbloom, was proceeding at the time of his injury through the yard of the railway company to one of its tracks to meet an incoming train engaged in the movement of interstate freight, for the purpose of obtaining the numbers of the cars and otherwise performing his duties in respect to them, and he was held to have been engaged directly in a duty connected with the movement of interstate freight. In the other case it was held that an employe's act in preparing an engine for a trip to move freight in interstate commerce was the act of one engaged in interstate commerce, and that he was still on duty and employed in such commerce in temporarily leaving his engine and going to his boarding-house preparatory to departing upon his run with the engine. It was not shown here that Rosenbloom had been engaged in any service connected with the interstate freight train, and in the state of the evidence his walking through the yard can not be said to have had any association with a duty in respect to it. The finding of the Court of Civil Appeals is definite to the effect that the evidence did not disclose for what purpse he was walking through the yard, or what character of work he had been engaged in just before his injury. The distinction, therefore, between the present case and those cited is obvious.

The motion for rehearing is accordingly overruled.

Opinion delivered June 26, 1915.

*Reversed and remanded by Supreme Court of United States. (Pecos & N. T. Ry. Co. v. Rosenbloom, 240 U. S., 439) and in accordance therewith reversed and remanded to trial court.*