PECOS & N. T. RY. CO. v. ROSENBLOOM
et al. (No. 2364.)

(Supreme Court of Texas.　June 26, 1915.)

COMMERCE ⚖═27 — INTERSTATE COMMERCE —
"ENGAGED IN INTERSTATE COMMERCE."

A railroad yard clerk required to check up cars in trains and take their numbers to make a proper report thereof is not, while walking through the yard, engaged in interstate commerce within the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [U. S. Comp. St. 1913, §§ 8657–8665]), in the absence of anything to show his connection with an interstate freight train in the yard or anything to show his purpose in walking through the yard, or character of work done by him.

[Ed. Note.—For other cases, see Commerce, Cent. Dig. § 25; Dec. Dig. ⚖═27.

For other definitions, see Words and Phrases, First and Second Series, Interstate Commerce.]

On motion for rehearing.　Overruled.

For former opinion, see 173 S. W. 215.

PHILLIPS, C. J.　The opinion delivered in the case by the late Chief Justice Brown on the original hearing, in its statement of the case, is corrected in the following particulars so as to conform to the findings of fact made by the honorable Court of Civil Appeals: At the time of Rosenbloom's death a freight train of the plaintiff in error was leaving its yards in Amarillo upon track No. 4, moving out slowly upon the track. Just before his death Rosenbloom was walking between track No. 4 and track No. 5, immediately adjacent, in the same direction the train was moving. The Court of Civil Appeals has found that the testimony did not disclose for what purpose Rosenbloom was walking between the tracks by the side of the moving train, or what he had been doing, if anything, just before the accident. This freight train was composed of cars which had come in from New Mexico over the line of the railway company and were destined for points without the state of Texas, except one car destined for a point within the state of Texas. The original opinion was possibly further inaccurate in stating that the space between the tracks was so narrow that one standing between them with cars upon one of the tracks was in danger of being knocked down by passing cars upon the other.

It is urged by the railway company that Rosenbloom, as its employé, was engaged in interstate commerce at the time of his injury, subjecting the asserted cause of action to the government of the federal Employers' Liability Act. This contention is based upon the fact that the freight train by the side of which Rosenbloom was walking just before the accident carried interstate freight, and that Rosenbloom was a yard clerk whose duties included the examination of such a train and the making of a record of the numbers and initials on the cars, and the inspection and making of a record of the seals on the car doors, etc. From this it is insisted

that, while he was engaged in that character of work, and until he had returned to the office of the company from such work, with respect to the train in question, he was employed in interstate commerce. The cases of St. L., S. F. & T. Ry. v. Seale, 229 U. S. 156, 33 Sup. Ct. 651, 57 L. Ed. 1129, Ann. Cas. 1914C, 156, and N. C. R. Co. v. Zachary, 232 U. S. 248, 34 Sup. Ct. 305, 58 L. Ed. 591, Ann. Cas. 1914C, 159, are cited upon the question. In our opinion, the evidence did not raise the issue. Neither of the cases cited can be held to reach this case. In the first Seale, whose duties were similar to those of Rosenbloom, was proceeding at the time of his injury through the yard of the railway company to one of its tracks to meet an incoming train engaged in the movement of interstate freight, for the purpose of obtaining the numbers of the cars and otherwise performing his duties in respect to them, and he was held to have been engaged directly in a duty connected with the movement of interstate freight. In the other case it was held that an employé's act in preparing an engine for a trip to move freight in interstate commerce was the act of one engaged in interstate commerce, and that he was still on duty and employed in such commerce in temporarily leaving his engine and going to his boarding house preparatory to departing upon his run with the engine. It was not shown here that Rosenbloom had been engaged in any service connected with the interstate freight train, and in the state of the evidence his walking through the yard cannot be said to have had any association with a duty in respect to it. The finding of the Court of Civil Appeals is definite to the effect that the evidence did not disclose for what purpose he was walking through the yard, or what character of work he had been engaged in just before his injury. The distinction, therefore, between the present case and those cited, is obvious.

The motion for rehearing is accordingly overruled.