## CALHOUN v. GRANT et al.
### No. 8808.

Court of Civil Appeals of Texas. Austin.
May 17, 1939.

Rehearing Denied June 14, 1939.

C. C. Carsner, of Victoria, for appellant.

Wood & Morrow, of Houston, for appellees.

BAUGH, Justice.

Appellant sued appellees for damages to his automobile caused by a fire truck running into it on the highway in the city limits of Hempstead, on August 16, 1937, alleged to have been caused by the negligence of the drivers of Grant's trucks. Trial was to a jury on special issues, and upon their answers thereto judgment rendered in favor of the defendants; hence this appeal.

The collision occurred under the following circumstances: There was at the time a big fire raging in the business section of Hempstead at the intersection of the highway from Houston, running east and west at this point, with the one from Navasota, running north and south. Calls for help to extinguish it had been sent to Navasota and Brenham.

The sheriff of the county had stationed himself in the middle of the highway, one block north of the fire, to stop all south bound traffic at this point and keep the highway clear. Two cattle trucks, belonging to Grant and driven by the other two defendants, employees of Grant, approached from the north, observed the sheriff's signals, one of them pulled over to his right-hand side of the highway and stopped, and the other, the one in front, as he approached the sheriff pulled over to the left-hand side of the highway, for the reason, according to the testimony of the driver, that because of vehicles already parked on his right-hand side of the highway, there was no room on that side for him to park off the pavement; and for the further reason, according to his testimony, that the sheriff had signaled with his flashlight for him to turn to the left. As he undertook to do so, the fire truck from Navasota, approaching from the north at the rate of about 35 miles per hour, undertook to pass said truck on the left-hand side thereof. According to plaintiff's contention, because of the negligence of the truck driver, and his alleged violation of Secs. (D), (J) and (K), of Art. 801, Penal Code 1925, the fire truck in attempting to pass the cattle truck, was thus forced off the highway and caused to run into and wreck plaintiff's car, which was parked in the ditch on the east side of the highway.

The first question asked the jury was whether the fire truck as it approached the cattle trucks gave any signal. The jury answered in the negative. Appellant's first proposition is that this finding was against the weight of the evidence. It is not sustained. Several witnesses testified that the fire truck had its siren sounding at the time. Four witnesses, including the two truck drivers, the sheriff and a disinterested witness who was on the opposite side of the highway when the collision occurred, testified that they heard no siren sounding. The jury finding is consequently amply supported by the testimony, is binding upon this court, and this issue need not be further considered.

Appellant's next contention is that under the findings of the jury the truck driver violated the penal code, constituting negligence per se, and that such negligence was, as a matter of law, the proximate cause of the collision, and that he was therefore, entitled to a judgment for his damages.

In answer to special issue No. 2, the jury found that the driver "pulled or turned his truck to the left and across the center of the highway immediately before the accident"; but in answer to issue No. 3 they found that this was not negligence. In answer to issues 4 and 5, they found that the driver of the truck failed to keep his truck "as closely as possible to the right-hand boundary of the highway immediately before the accident"; and that same was "moving more slowly along the highway than said fire truck." In an-

swer to issue No. 6, however, they found also that this did not constitute negligence.

■ ■ It may be seriously doubted whether Art. 801, Penal Code, known as the "Law of the Road," is applicable to an emergency situation presented in the instant case. Manifestly that law is primarily applicable to the open highways generally where freedom of movement of motor vehicles in travel thereon is involved. However that may be, under the exigencies of the instant case, the provisions of the statute and the findings of the jury, it does not appear that the driver of the truck was guilty of a penal offense which would constitute negligence per se.

Sub. (D) of Art. 801, Penal Code, charged to have been violated by the driver of the cattle truck, requiring the driver of a vehicle to give way to the right in favor of an oncoming vehicle also requires that the driver of the overtaking vehicle give a suitable or audible signal of his intention to pass. The jury found in effect that such signal was not given by the driver of the fire truck.

Sub. (J) requires the driver of a slow moving vehicle to keep to the right-hand side of the road so as to allow faster moving vehicles to pass on his left; and Sub. (K) requires a driver before stopping, turning or changing his course on a public highway to first see that there is sufficient space to do so with safety, and to signal his intention to do so. These provisions clearly contemplate and apply to freely moving traffic on the highway. In the instant case no such condition existed. The sheriff was stopping all traffic, and in view of the undisputed facts the driver of the cattle truck had a right to assume that no vehicle would undertake to pass him. Since there was no room on the right for him to park his truck, and there was no traffic from the south, meeting him, which would use his left-hand side of the highway, and all traffic from the north was being turned to the left by the sheriff to avoid any congestion near the fire, the reasonable and natural thing for him to do would be to pull his truck over to the left-hand side of the road, off the pavement, so as to keep the traveled portion of the highway open. The jury found, upon ample evidence to sustain such finding, that he did not fail to signal his intention to so turn. Under these circumstances, we think it is clear that the driver of the cattle truck could not be held to have

violated the provisions of Art. 801, P.C., and consequently was not guilty of negligence per se. A jury issue on the question of his negligence, vel non, was thus presented and they found that his conduct, under the circumstances, was not negligence. Manifestly the evidence was sufficient to sustain that finding.

■ But if it be conceded, for the purposes of this appeal, that the truck driver's conduct amounted to negligence, either factually, or per se, it does not necessarily follow that such negligence was a proximate cause of the collision. For such negligence to fix liability it must have been the proximate cause of the damages suffered. And this is true even where a violation of law, constituting negligence per se has occurred. Hines v. Foreman, Tex.Com.App., 243 S.W. 479, 483, and cases therein cited; 30 Tex.Jur., § 41, p. 693.

■ ■ In the instant case, we think the jury could have as readily found that the collision was proximately caused by the action of the driver of the fire truck in undertaking, without giving the signal required by Sub. (F) of Art. 801, P.C., to pass to the left of the cattle truck at a high rate of speed under the circumstances; as that it was proximately caused by the conduct of the driver of the cattle truck. Manifestly, therefore, it cannot be said that the negligence, conceding that he was guilty of negligence, of the driver of the cattle truck proximately caused the collision as a matter of law. Consequently a jury issue was presented. But no issue was submitted to the jury, nor requested by appellant to be submitted to the jury, inquiring whether the conduct of the driver of the cattle truck, as found by the jury, and which appellant now asserts constituted negligence per se, was a proximate cause of the damages sustained. Not having so requested it, and his right of recovery necessarily dependent upon whether such asserted negligence was a proximate cause of the collision, he must, under numerous decisions, be held to have waived it. Ormsby v. Ratcliffe, 117 Tex. 242, 1 S.W.2d 1084; International G. N. R. Co. v. Casey, Tex.Com.App., 46 S.W.2d 669; Gordon v. McIntosh, Tex.Civ.App., 54 S.W.2d 177, 178; 41 Tex.Jur., § 257, p. 1076.

■ ■ Appellant next contends that the finding of the jury that the collision was the result of an unavoidable accident is

contradictory to and in conflict with other jury findings and consequently nullifies their verdict as support for the judgment. This, of course, is predicated upon the contention that the findings of fact made, convicted the driver of the cattle truck of violation of Art. 801, P.C., and constituted negligence per se. If that were true, appellant's contention would be correct. It is now settled "unavoidable accident" necessarily implies absence of negligence on the part of either party. Dallas Ry. & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777, 779; Merritt v. Phoenix Ref. Co., Tex.Civ.App., 103 S.W.2d 415. But the jury having found no one guilty of negligence; and their findings of fact not constituting negligence per se, their finding that the collision was the result of an unavoidable accident creates no conflict with their other findings. No contention is made that this latter finding is without evidence to sustain it.

By supplemental brief, appellant urges as fundamental error that portion of the trial court's judgment providing: "All costs of court accruing both in this court and in the Court of Civil Appeals as a result of the appeal heretofore taken by these defendants on the ruling or order of this court on their pleas of privilege, are hereby adjudged against the plaintiff, J. Ralph Calhoun, for which execution may issue."

The record in this appeal fails to show that any pleas of privilege were filed by the defendants or what action was taken on such pleas. There was transferred to this court, however, the appeal to the Galveston Court of Civil Appeals separately prosecuted by the defendants from the order of the trial court overruling their plea of privilege. That appeal was a distinct and separate appeal from the one here presented, this being an appeal from the judgment after trial upon the merits. The appeal from the order overruling the plea of privilege was heretofore dismissed by us for want of prosecution and the costs in that proceeding taxed against the appellants therein, who are appellees on this appeal. That was a separate and distinct proceeding from the one herein presented, one carrying its own costs, which were adjudged against the losing parties therein. The trial court consequently erred in adjudging the costs therein against Calhoun. That portion of the trial court's judgment is therefore set aside. In all other respects the judgment of the trial court is affirmed.

Set aside in part; in all other respects affirmed.