J. S. ABERCROMBIE COMPANY V. ROY DELCOMYN.

No. 7446. Decided February 7, 1940.
Rehearing overruled March 6, 1940.
(135 S. W., 2d Series, 978.)

*Vinson, Elkins, Weems & Francis, Frank C. Dyer* and *Simon Frank,* all of Houston, for plaintiff in error.

On the question of the negligence of the plaintiff in driving his car into the intersection without stopping, when the city ordinance required all drivers approaching that avenue to stop before entering it. Frush v. Waterloo, C. F. & N. Ry. Co., 169 N. W. 360; Texas & N. O. Ry. Co. v. Stratton, 74 S. W. (2d) 741; Phillips v. Citizens Natl. Bank, 15 S. W. (2d) 550.

*Allen, Helm & Jacobs* and *Wm. States Jacobs, Jr.,* all of Houston, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

In the trial court defendant in error, Roy Delcomyn recovered judgment against plaintiff in error, J. S. Abercrombie Company, for damages on account of personal injuries sustained by him in a collision at a street intersection in the City of Houston, which judgment was affirmed by the Court of Civil appeal. 116 S. W. (2d) 1105. For convenience Delcomyn will be called plaintiff, and J. S. Abercrombie Company defendant.

Just prior to the collision a truck belonging to defendant was being driven west on Polk Avenue by one of its employees transporting two metal pipes, each twenty inches in diameter and about 38 or 40 feet in length. Above the rear wheels of the truck was a bolster upon which the pipes rested three or four feet from one end. About the same distance from the other end the pipes were supported by a trailer consisting of two wheels and an axle. There was no coupling between these wheels and the truck, except the pipes, the trailer being at-

tached to these pipes by chains. Plaintiff was driving south on Caroline Street at night after the signal lights at the intersection had ceased operating. When he reached the intersection he slowed down his automobile, but did not bring it to a complete stop. According to his testimony he saw the truck, but did not see the pipes or the trailer wheels. After he slowed down and saw the truck pass he speeded up his car and drove it into the side of the pipes. The part of his car which struck the pipes was the windshield, the hood and radiator having gone under them.

In answer to special issues the jury found that defendant was negligent in failing to have a warning signal on the pipes visible from the side, and that such negligence was a proximate cause of the collision. Various issues as to the contributory negligence of the plaintiff were submitted, each of which was answered in his favor. On the question of the failure of the plaintiff to bring his car to a complete stop before entering the intersection, it was the view of the trial judge that by such failure plaintiff violated an ordinance of the city requiring that vehicles be brought to a full stop before entering that intersection, by reason of which, plaintiff was negligent as a matter of law. Accordingly there was submitted to the jury only the issue of whether such failure was a proximate cause of plaintiff's injuries. To that issue the jury answered "No." Plaintiff filed no exceptions to the charge, thereby acquiescing in the ruling that his acts constituted negligence per se.

██ Defendant takes the position that the court should have granted its request timely filed, for a peremptory instruction in its favor; basing its contention upon the ground that plaintiff's negligence in failing to stop was, as a matter of law, a proximate cause of his injuries. With this we cannot agree. The principle is well established in this jurisdiction that anticipation of injury is an element of proximate cause. Texas & P. Ry. Co. v. Bigham, 90 Texas 223, 38 S. W. 162. Other authorities are collated in 30 Tex. Jur. 699, sec. 47. An equally well settled principle is that the same necessity exists for a proper application of the law of proximate cause in a case where the negligence consists in the violation of a statute or an ordinance as in an ordinary negligence case. Waterman Lumber Co. v. Beatty, 110 Texas 225, 218 S. W. 363; Tarry Warehouse & Storage Co. v. Duvall, 131 Texas 466, 115 S. W. (2d) 401; Paris & G. N. Ry. Co. v. Stafford, 53 S. W. (2d) 1019; Texas & N. O. Ry. Co. v. Harrington (Com. App.) 235 S. W. 188.

Unless, therefore, it can be said, as a matter of law, that

plaintiff should have anticipated injury as a result of his violation of this ordinance, the court properly refused to grant the motion for a peremptory instruction. The general description of the truck and trailer as given above, supplies all the evidence necessary to make it appear that reasonable minds might differ on the question of whether a person of ordinary prudence, situated as was plaintiff, should have anticipated injury as a result of entering the intersection in question under the circumstances shown in this record. Jurors might reasonably conclude, as the jurors in this instant case must have concluded, that the situation created by the long pipes protruding from the rear of the truck, higher from the ground than the hood of plaintiff's car, with no light visible from the side, was dangerous and that a person of ordinary prudence might have failed to discover it, and, therefore, might have failed to apprehend danger in entering the intersection without first stopping. The assignment presenting this question is overruled.

■ Another ground of complaint is the ruling of the trial court that certain argument of one of plaintiff's attorneys to the jury was not improper. As noted above, there was submitted to the jury the issue of whether plaintiff's failure to bring his car to a complete stop before entering the intersection was a proximate cause of his injuries. The term "proximate cause" was defined in the charge. Such definition employed the phrase "new and intervening cause." This latter phrase was then defined as follows:

"By the term 'new and intervening cause' as used in the above definition of proximate cause, is meant an agency which breaks the causal connection between the original act and the injury, and which of itself is sufficient to produce the injury, or some like injury. The agency must not be set in motion by the party who initiated the original act, and which agency and its consequences a person of ordinary prudence under the same or similar circumstances would not have reasonably anticipated."

One of plaintiff's attorneys, in addressing the jury, gave his analysis of the foregoing definition and in the course of his discussion used this language:

"Now, what does the court say proximate cause is? A cause which in a natural and continuous sequence, * * not an unnatural sequence as we have in this accident, but a natural sequence produces an event, * * *

"The next element of proximate cause is that it must be, * * remember Mr. Dyer asked you to find that failure to stop

was the proximate cause, but the court tells you on the law which you have to take, that in order for it to be a proximate cause it must continue in a natural sequence, unbroken by any new and independent cause to produce the event, and right under that he defined a new and independent cause. Now, if the original act is broken or interrupted by a new and independent cause, that new and intervening cause which is itself sufficient to break the sequence and produce the injury, then the original act, namely, driving across without not coming to a complete stop, could not be the proximate cause. The new and intervening cause, whether it was sufficient in itself to produce the injury * * could produce it nor did it produce it, but, could it produce it. That being the case, you can look to any cause, namely, the invisible pipe, as being a new and independent cause which broke the sequence between any possible negligence in driving across that line and the injury itself. * * * * * So I say to you, regardless of whether he violated the ordinance, regardless of whether it was negligence, it was not a proximate cause of the collision, because there was another new and intervening cause, the negligence of the defendant in putting that pipe there, * * *."

Defendant's counsel made specific objections to this argument, which objections were overruled, and from which objections we quote:

"* * * because said argument is a misconstruction of the law as applied to the facts in this case in that it advises the jury wrongly that the negligence of the truck driver was a new and intervening cause, whereas under the law and under the court's instruction as applied to the facts in this case, the negligence of the truck driver could not be a new and intervening cause * * *. * * * because according to the undisputed facts in this case, no act of negligence on the part of the truck driver complained of by plaintiff was sufficient in itself to have produced plaintiff's injury, and for this reason said argument to the jury that the negligence of the truck driver was a new and intervening cause breaking the sequence of plaintiff's negligence was highly improper and prejudicial to this defendant, * * *."

In substance and effect this argument informed the jury that under the court's charge, the defendant's negligence was a new and intervening cause, which prevented plaintiff's own negligence from being a proximate cause of his injuries. The question thus presented for decision is whether, under the definition above copied, the primary negligence of defendant

made the basis of its liability, could be a new and intervening cause, breaking the causal connection between plaintiff's own negligence and his injury.

Any correct definition of new and intervening cause will exclude the idea that the negligent act of either of the parties may constitute such cause. Lowrimore v. Sanders, 129 Texas 563, 103 S. W. (2d) 739; Young v. Massey, 128 Texas 638, 101 S. W. (2d) 809; Phoenix Refining Co. v. Tips, 125 Texas 69, 81 S. W. (2d) 60. We have no present concern with the question of whether the court's definition is correct. That question is not presented for decision. The question is whether counsel misstated the law as set forth in the charge and not whether the court misstated the law in the charge. It is not necessary that we make a careful analysis of all the language of the definition, for of this we may be certain, that it requires that the new and intervening cause be sufficient of itself to produce the injury. Defendant's negligence could not have produced this injury, but for some act upon the part of plaintiff. Our conclusion is that the argument did not correctly state the law as given in the charge, and was therefore improper argument. City of Dallas v. Firestone Tire & Rubber Co., 66 S. W. (2d) 729 (error refused) Texas Life Insurance Co. v. Plunkett, 75 S. W. (2d) 313.

A question is raised as to whether defendant objected to the argument in the proper manner. The bill of exceptions preserving this matter is qualified by the trial judge as follows: " * * * all of the objections and motions were made by defendant's counsel without interrupting plaintiff's attorney and without notice to him." There is no statute prescribing the manner of objecting or excepting to improper argument. The duty rests upon the trial judge to control the matter, when his attention is called thereto, and no reason can be perceived why the attorney who is indulging in improper argument should be notified of that fact by the attorney for the other party. Behringer v. South Plains Coaches (Com. App.) 13 S. W. (2d) 334.

Other questions are presented in the application, but they probably will not arise upon another trial, and will not, therefore, be discussed in this opinion.

The judgments of the trial court and the Court of Civil Appeals will both be reversed and the cause remanded.

Opinion adopted by the Supreme Court February 7, 1940.

Rehearing overruled March 6, 1940.