## YELLOW CAB CO. v. PFEFFER.

### No. 9906.

Court of Civil Appeals of Texas. Austin.

Nov. 1, 1950.

Rehearing Denied Nov. 15, 1950.

William C. McDonald, of San Angelo, for appellant.

Murphy & Smith, by Earl W. Smith, of San Angelo, for appellee.

GRAY, Justice.

This appeal is from a judgment awarding appellee damages for personal injuries sustained by him as the result of the collision of a motor scooter and a taxicab in a street intersection in the city of San Angelo.

Appellee sought recovery because of alleged specific acts of negligence on the part of the driver of the taxicab and under the doctrine of discovered peril. Appellant defended on alleged acts of negligence of appellee, the violation of penal laws and unavoidable accident.

The facts show that at about 8 o'clock a. m. on January 19, 1949, appellee was riding on the back seat of a motor scooter driven by Clarence Orr, and that they were going west on Highland Street. At the same time a taxicab owned by appellant, then driven by L. O. Sykes, and conveying a passenger, was going south on Burgess Street, that a collision occurred in the intersection of the two streets, and appellee was seriously injured.

A jury found that the driver of the taxicab was guilty of negligence in several alleged respects; that each of said acts of negligence was a proximate cause of the collision; answered all issues on the doctrine of discovered peril favorable to appellee, and found the collision was not the result of an unavoidable accident.

By answer to special issue 20, the jury found that at the time and on the occasion in question Clarence Orr was operating the motor scooter in the middle or center of Highland Street, and by answer to special issue 21, that such operation of the motor scooter was not the sole proximate cause of the collision.

966

Appellant's first point is to the effect that the jury's answer to special issue 20 is a finding that at the time in question the motor scooter was being operated in violation of the penal laws of the state, for which reason a recovery by appellee is precluded.

The point can not be sustained. Even if negligence per se (because of a violation of the terms of Art. 801(A), Vernon's Ann. P.C., or other statute) was shown, it was necessary for the proof to further show that such negligence was the proximate cause of the collison. J. S. Abercrombie Co. v. Delcomyn, 134 Tex. 490, 135 S.W.2d 978; Hines v. Foreman, Tex. Com.App., 243 S.W. 479; Calhoun v. Grant, Tex.Civ.App., 129 S.W.2d 752; 30 Tex.Jur., p. 692, Sec. 41.

Appellant's next point is that the trial court erred in refusing to submit requested issue 3. This issue is: "Do you find from a preponderance of the evidence that the taxicab in question entered the intersection of Burgess and East Highland Streets, at the time and on the occasion in question, before the motor scooter in which the plaintiff was riding entered said intersection? Answer yes or no."

Appellant directs attention to Art. 6701d, Sec. 71, Vernon's Ann.Civ.St.

We think it is not necessary to discuss this point further because it is our opinion that the findings of the jury on the issues of discovered peril are controlling and, therefore, reversible error is not reflected by the point. Authorities supra and infra.

We find no objections either to the issues relative to discovered peril or the definitions relevant thereto, for which reason we direct our discussion to the effect of these findings on appellant's points.

Even if the request had been broad enough to permit a finding, and the jury had found, that by his own negligence appellee had placed himself in a position of peril, the same would not control the findings that: immediately prior to the collision appellee was in a perilous position; the driver of the taxicab discovered his perilous position within such time and distance to have avoided the collision and in-

jury (by the means at hand commensurate with his own safety, the safety of his passenger and taxicab); that the driver failed to avoid the collision; that such failure was negligence and a proximate cause of appellee's injuries. Under such circumstances appellant could not justify the wrongful act of the driver of the taxicab by showing appellee negligently placed himself in a position of peril.

"It matters not that a man may be negligent, in fact, that he may be wholly disregardful of his own safety yet it is true that the law will not permit an operative on a train to run upon a negligent party and destroy his life because he is negligent. The negligence of the party killed is no defense to an action based on discovered peril." Pecos & N. T. R. Co. v. Rosenbloom, 107 Tex. 291, 295, 173 S.W. 215, 216, 177 S.W. 952.

" * * * a party would not be permitted, in a case of discovered peril, to base a defense on the plaintiff's concurrent negligence, though it was operative at the time of the injury as a proximate cause thereof." Wilson v. Southern Traction Co., 111 Tex. 361, 234 S.W. 663, 664; Sugarland Industries v. Daily, 135 Tex. 532, 143 S.W. 2d 931; Dallas Ry. & Terminal Co. v. Bankston, Tex.Com.App., 51 S.W.2d 304; Friske v. Graham, Tex.Civ.App., 128 S. W.2d 139.

Appellant's third and final point is: "The court erred in not submitting to the jury the defendant's specially requested special issues No. 13 and 14, because the testimony raised such issues, and same should have been submitted in the charge."

We are unable to find requested issues 13 and 14 in the transcript (except issue 13 as stated below). Appellant's brief refers us to page 20 of the transcript, but we find no issues 13 and 14 there,—page 19 concludes with the words, "Special Issue No. 13," and page 20 begins with the words, "Special Issue No. 17." Paragraph 6 of appellant's original motion for new trial, shown at pp. 36 and 37 of the transcript, and being the motion for new trial upon which this appeal is predicated, reads: "Because the court erred in not submitting defendant's specially requested special issue No. 13,

which special issue is as follows: 'Do you find from a preponderance of the evidence that the motor scooter operated by the said Clarence Orr at the time and on the occasion in question, struck the taxicab on the left front fender,' also erred in not giving specially requested issue No. 12."

Requested special issue 12, set out on page 19 of the transcript, is: "Do you find from a preponderance of the evidence, that the motor scooter operated by Clarence Orr, at the time and on the occasion in question, by striking the taxicab on the left front fender, if he did, was the sole proximate cause of the collision?"

In the brief and under point three, appellant makes the following statement: "The testimony discloses that appellant's taxicab was going south and that appellee was traveling west, also reference is made to the plaintiff's exhibit No. 1 and therefore, under the undisputed testimony, the appellant had the right-of-way, accordingly, as a matter of law, it became most important that the requested issue be given to the jury, and we think the court's failure to do so constituted error, and such error as will demand a reversal of this case."

This statement and the argument following seems applicable to requested issues 3 and 4. See requested issue 3, supra. Requested issue 4 was conditioned on a yes answer to 3, and inquired if the failure, if any, of Clarence Orr to yield the right of way to the taxicab was a proximate cause of the collision.

We have given a liberal interpretation to appellant's brief in our consideration of point three, but because of what we have already said, we do not think the point, or the argument made in support thereof, in any event, reflects reversible error.

The judgment of the trial court is affirmed.

Affirmed.

On Appellant's Motion for Rehearing.

In our original opinion we called attention to the omission of page 20 in the transcript. Appellant's motion for rehearing is accompanied with a request that the orig-

inal transcript be completed by adding the omitted page 20 thereto. There is included in the motion a copy of omitted page 20 which copy appellee agrees is correct.

We, therefore, grant appellant's request and incorporate, by reference, omitted page 20 of the transcript as set out on page 2 of appellant's motion.

As the same is now shown, appellant's requested issue 14 is conditioned on a "Yes" answer to requested issue 13, and is: "Do you find from a preponderance of the evidence, that the failure of the said Clarence Orr to yield the right of way, at the time and on the occasion in question, was the sole proximate cause of the collision in question? Answer Yes or No."

For the reasons stated in our original opinion, we think no error is reflected.

The motion to complete the transcript is granted, and the motion for rehearing is overruled.

Overruled.