**Frank M. NUSE, Appellant,**

v.

**Victor A. KORMEIER, Appellee.**

**No. 10898.**

Court of Civil Appeals of Texas.

Austin.

Nov. 8, 1961.

John S. Wade, Austin, for appellant.

Byrd & Davis; Jack C. Eisenberg, Austin, for appellee.

RICHARDS, Justice.

Suit was brought in the County Court at Law of Travis.County, Texas by Victor A.

Kormeier, appellee, against Frank M. Nuse, appellant, to recover damages for injuries to appellee's automobile caused in a collision with an automobile which was operated by appellant in a negligent manner on Oltorf Street, in Austin, Travis County. Appellant answered by special exceptions and pleaded as a defense that the proximate cause of the collision and the resulting damage was caused by the negligence of appellee (a) in making a left turn at an intersection in violation of Sec. 33.25B of the Austin City Code, (b) in failing to keep a proper lookout, and (c) in failing to yield the right of way to a vehicle from the opposite direction in such manner as to create a hazard, which acts of omission or commission were in violation of the Uniform Traffic Code and directly and proximately caused the damage, if any, to appellee's automobile. The case was tried to the Court without a jury and judgment was rendered in favor of appellee in the sum of $223.54, from which judgment this appeal was perfected.

Appellant having timely requested the Trial Court to make findings of fact and conclusions of law pursuant to Rule 296, Texas Rules of Civil Procedure, the Trial Court found from a preponderance of the evidence that appellee's son was driving appellee's car going east on Oltorf and was turning left into the entry-way into Twin Oaks Shopping Center. Appellant crested the hill coming west on Oltorf Street 183 feet east of the entry-way. At the place where the collision occurred the road was straight and ran approximately east and west. There had been no rain and the streets were dry and there were no traffic control devices. The street was divided to accommodate 4 lanes of traffic, 2 lanes in each direction which were separated by a double yellow stripe. The day was clear and visibility was good.

There is a broken white stripe dividing the eastbound lanes and a broken white stripe dividing the westbound lanes. The outside lanes east or westbound are 12 feet in width and the inside lanes east and west are 14 feet in width. As appellant came over the crest of the hill on East Oltorf, he was traveling west in the "left-handmost" lane of traffic. He skidded 54 feet from the time his brakes locked to the time of impact, which was 9 feet south of the north curb of East Oltorf and 1 foot west of the driveway curb on the south entrance to Twin Oaks Shopping Center. Appellee's son was traveling in the inside eastbound traffic lane and as he approached the south entrance to Twin Oaks Shopping Center he commenced to make a turn and was traveling at a rate of approximately 5 miles per hour and was well committed to his turn before appellant came over the crest of the hill. Appellee's son was the operator of appellee's 1956 Chrysler and the main damage was sustained in the right rear fender area. Appellant's skidmarks commenced in the inside westbound lane of traffic, continued across the broken white stripe and ended in the "outsidemost" westbound lane of traffic.

Based upon the foregoing findings of fact the Trial Court concluded as a matter of law that appellant was traveling at a speed that was imprudent, that such imprudent speed was negligence which was a proximate cause of the collision; that appellant was exceeding the lawful speed limit, that such unlawful speed was negligence which was a proximate cause of the collision; that appellant did not apply his brakes in time to avoid the collision, that such failure was negligence which was a proximate cause of the collision; that appellant was negligent in changing the lane of traffic in which he was traveling as he emerged from the top of the hill, that such failure was negligence which was a proximate cause of the collision; that appellee's son kept a proper lookout and did not fail to yield the right of way; that at the entrance to Twin Oaks Shopping Center the speed limit was 30 miles per hour; that appellee's son did turn to the left in violation of Sec. 33.25B of the Austin City Code which was negligence per se but that such negligence under the circumstances was not a proximate cause of the collision since at the time

of the left turn nothing was in view which would constitute any hazard and that the reasonable and necessary cost of repair to appellee's automobile was $223.54, which cost of repair is the proper measure of damages.

Appellant having requested additional findings of fact under Rule 298, T.R.C.P., the Trial Court found from the preponderance of evidence that appellee's son was going 5 miles per hour when appellant crested the hill and he accelerated his automobile in order to do everything in his power to get out of the way of appellant; that appellant admitted to the police officer that he was traveling 35 miles per hour and the skidmark evidence indicated that appellant was going at least 35 miles per hour; that the damage to appellee's car was in the right rear fender area and the damage to appellant's car was in the right front fender area and that appellant was driving a 1959 Ford.

Appellant urges the following points of error: (1) that the Trial Court erred in finding that the left turn in violation of the City Ordinance was not negligence under the circumstances and (2) in finding that the illegal left turn which was negligence per se was not a proximate cause of the accident.

Since no statement of facts has been filed with this Court, the findings of fact by the Trial Court in cases tried without a jury are conclusive on the appellate court. Texas & P. Ry. Co., Inc. v. Purcell, 91 Tex. 585, 44 S.W. 1058; Shroff v. Deaton, Tex.Civ. App., 220 S.W.2d 489 (no writ history); Foran v. Smith, Tex.Civ.App., 228 S.W.2d 251 (no writ history).

In the absence of a statement of facts, we must presume that the evidence was sufficient to warrant the finding made by the Trial Court that the violation of the Austin City Ordinance, although negligence per se, was not negligence under the circumstances of this case such as to constitute the proximate cause of the collision.

The rule of law that an act or omission must be shown to be a proximate cause of an injury is applicable where the alleged act or omission is the violation of a statute or an ordinance. East Texas Motor Freight Lines v. Loftis, 148 Tex. 242, 223 S.W.2d 613, 616. And even though appellee's admitted violation of Sec. 33.26 of the Austin City Code constituted negligence per se, it was necessary for appellant to show that such negligence was the proximate cause of the collision. Yellow Cab Co. v. Pfeffer, Tex.Civ.App., 233 S.W.2d 964, 966 (no writ history).

The Trial Court having found as a fact that at the time appellee's son commenced to make the left turn he was traveling at approximately 5 miles per hour, was keeping a proper lookout and was well committed to his turn before appellant came in sight over the crest of the hill, appellee's son had the right to assume that appellant was operating his automobile within the legal speed limit and could not reasonably foresee that appellant would be imprudently operating his automobile at an excessive speed. The Trial Court's findings of fact support his conclusion that the violation of the City Ordinance, although negligence per se, was not a proximate cause of the collision. Roddy v. Herren, Tex.Civ.App., 125 S.W.2d 1057 (no writ history).

Both of appellant's points of error are overruled and the judgment of the Trial Court is affirmed.

Affirmed.