Texas & Pacific Railroad Company v. W. L. Purcell.

No. 643.—Decided March 21, 1898.

**Carriers—Connecting Lines—Joint Contract—Pleading.**

Upon a petition declaring on a failure to comply with a contract by two connecting companies, through their alleged joint agent at H., to transport plaintiff's cattle from H., on the first road, to M., on the second, within a certain time, it being found that such agent had refused to give a through bill of lading and contracted only for transportation to the connection, plaintiff could not recover by reason of a refusal of the second carrier to receive the cattle at the point of connection and transport them to M.   (Pp. 586 to 588.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Nolan County.

Purcell sued the Texas Central and the Texas & Pacific Railway Companies, and appealed from a judgment in their favor.   On a reversal and rendering of judgment against the latter company, it obtained a writ of error.   The judgment of the Court of Civil Appeals proceeded on the ground that by the proclamation putting the quarantine regulations into effect "from and after February 15, 1897," that day was excluded from the quarantine period, and therefore the findings of the trial court showed that the Texas & Pacific Railway Company had time to transport the cattle across the line when they were tendered to it, without violating the quarantine.

*Bidwell & Stennis,* for plaintiff in error.—The Court of Civil Appeals erred in overruling, or rather in not noticing or in any way passing on, appellee's counter-proposition that no judgment could be rendered against it in the form appellant had brought his suit against it and its co-appellee, the Central Railway Company, under the statute of Texas, of 1895.

The Court of Civil Appeals erred in holding that appellant was not bound by the averments of his pleadings, as to the time the quarantine went into effect, and that he demanded that the cattle be shipped west of the line by a certain time.

The Court of Civil Appeals erred in holding, in effect, that appellant, after trying the case on one theory, could shift his right or theory of his right to recover in this court.

*Woodruff & McCauley,* for defendant in error.—Time from and after a given date excludes that date in the computation—and as the rules and proclamations only prohibited the transportation of cattle "from and after the 15th day of February," it was the duty of appellees to transport the cattle, as they would have crossed the line by 8 o'clock of the morning of February 15th—and appellees under such quarantine rules, in law, had the entire 15th day of that month in which to transport the cattle across said line.   Hollis v. Francois, 1 Texas, 118; Hill v. Kerr, 78 Texas, 217; Burr v. Lewis, 6 Texas, 81; Gainer v. Cotton,

49 Texas, 101; Smith v. Dickey, 74 Texas, 61; Sheets v. Selden, 69 U. S., 177; Best v. Polk, 85 U. S., 112.

The judgment is against the law in this: It was the duty of defendants to transport the cattle when delivered to them, and in a reasonable time to deliver them at the place of destination, and as the quarantine rules did not prevent the passage of cattle across the line on the 15th of February, and as the court found that they could have been transported by the afternoon of that day to Midland, such quarantine regulations furnished no excuse or justification to defendants in failing and refusing to transport said cattle. And the court erred in so holding and rendering judgment. It was not unlawful to carry the cattle across the line on the 15th day of February.

GAINES, CHIEF JUSTICE.—This suit was brought by the defendant in error, against the plaintiff in error and the Texas Central Railroad Company, to recover damages for breach of a contract to ship cattle. The case was tried without a jury and resulted in a judgment for the defendants. The plaintiff appealed, and the Court of Civil Appeals affirmed the judgment as to the Texas Central Company, but reversed as to the plaintiff in error and rendered judgment against it.

The petition of the plaintiff alleged in substance that the defendant corporations were common carriers operating connecting lines of railroad between Hico, Texas, on the Texas Central, and Midland, on the Texas & Pacific, and that they shared in the profits of such continuous transportation; that one Robert Bell was the agent of both defendants at Hico for contracting for carriage over the two lines of railroad; and that as such agent he entered into a verbal contract with the plaintiff to transport for him 223 head of cattle from Hico to Midland, so as to reach the point of destination "before the beginning of the 15th day of February, 1897." It was alleged also, in substance, that the defendants refused to comply with their contract, and specific averments of the damages for the breach were made. Before the trial a pleading was filed by the plaintiff in the nature of an amendment to his original petition, but which is styled a supplemental petition. It reiterates the allegations of the original petition, with some additional averments, which it seems to us do not vary its effect, except, perhaps in the respect that in the latter pleading it is alleged that the defendants failed as well as refused to carry out the contract. At all events, the plaintiff's pleadings place his case distinctly upon a contract entered into by an agent or agents representing both defendants, and upon their failure or refusal to perform the obligation on their part.

The defendant, the Texas and Pacific Railroad Company, filed a general denial, and also denied specifically that the persons alleged to have been its agents were ever in fact such. The pleadings of the defendant the Texas Central Railroad Company need not be noticed, since no writ of error has been applied for to the judgment of the Court of Civil Appeals affirming the judgment in its favor.

There is no statement of facts in the record, but the conclusions of law and fact of the trial judge are shown. The judgment of the District Court should therefore stand unless it appear from the conclusions of fact that it was erroneously rendered. There are exceptions to the court's conclusions of law and to certain of its findings of fact—but the latter cannot be considered in the absence of a statement of facts. There was no exception on the ground that the court failed to find upon any issue of fact nor could such exception, if taken, be considered upon the record before us. It follows, that the court's findings of fact must be deemed conclusive upon the issues so determined; and since it devolves upon the party complaining of the judgment to show error, it also follows, that it must be presumed in support of the judgment that every issue of fact made by the pleadings and not determined in the court's findings, has been found in the defendants' favor.

We set out the conclusions of fact in full:

"1st. Plaintiff did, on the 14th day of February, between the hours of 10 and 12 o'clock a. m., tender to the defendant, the Texas Central Railway Co., at Hico, Texas, 223 head of cattle for shipment to Midland, Texas, and that the said cattle were loaded into 5 cars by one o'clock p. m. of the same day, and were transported by the same defendant to Cisco, Texas, where they arrived at between 10 and 11 o'clock of the same p. m., and when and where they were tendered to the defendant, the T. & P. Ry. Co., for shipment on its own line of road.

"2nd. Plaintiff did ask a through bill of lading through to Midland, Texas, from Hico, Texas, at the time he delivered the said cattle to said defendant, the T. C. Ry. Co., which was refused by the same Railway company for the reason that they had been specially notified by the defendant, the T. & P. Ry. Co., not to receive the same for shipment to Midland at that time because the State quarantine rules and regulations would prevent it, the T. & P. Ry. Co., from transporting the said stock across the quarantine line (which is situated between Cisco and Midland, Texas,) after midnight of February 14th, 1897.

"3rd. The distance from Hico, Texas, to Cisco, Texas, is 70 miles, and the distance from Cisco, Texas, to the east boundary line of Mitchell County, Texas, where the said quarantine line crosses the Texas & Pacific Railroad, is about 102 miles, and to Midland, Texas, from said Hico, Texas, over the said Texas Central Railroad to Cisco and over the Texas & Pacific Railroad to Midland from Cisco, Texas, is a distance of 260 miles.

"4th. The schedule time for freight trains over the Texas Central Railroad from Hico, Texas, to Cisco, Texas, is 12 miles per hour, and over the Texas & Pacific Railroad from Cisco to Midland, Texas, is 15 miles per hour.

"5th. That on Sunday there is but one regular freight train run over the T. C. R. R. from Hico to Cisco, and that its regular schedule time for leaving Hico for Cisco is at 20 minutes past 3 o'clock p. m., and that on the said 14th day of February, 1897, the said train did leave

Hico with plaintiff's said 5 cars of cattle billed for Cisco, 40 minutes past 3 o'clock p. m. and arrived at Cisco just 40 minutes later than its regular schedule time for arriving there.

"6th.   That the said Texas & Pacific Railway Co. did then refuse to transport the said cattle to Midland, Texas, and assigned as its reason for such refusal 'that it could not get the cattle to Midland and across the said quarantine line before the beginning of the 15th day of February, 1897, when by reason of the rules and regulations of the Live Stock Sanitary Commission and the laws of Texas, it would become and be unlawful for it to transport the said cattle to Midland and across said quarantine line.'

"7th.   The said Texas & Pacific Railroad Company did then and there agree and consent to transport said cattle as far as it could lawfully transport same; or to carry the said cattle to Roscoe, Texas, which is the last station on the T. & P. R. R. south and east of the said quarantine line, but did refuse to accept same for transportation beyond or across said line.

"8th.   That by the use of reasonable diligence the said defendants could have gotten the said cattle across the said quarantine. line by 8 o'clock a. m. of the 15th day of February, 1897, and to Midland, Texas, by 3 o'clock p. m. of the same day, and not much if any sooner.

"9th.   Plaintiff was damaged in the sum of $892.00, or $4.00 per head, difference in market value at Midland and at Hico, by reason of the fact of not being able to get his said stock to Midland and across the said quarantine line."

The court failed to find that any agency or contract as alleged in the petition was established by the evidence.   On the contrary, it is found in the second conclusion of fact, that the agent of the Texas Central Company at Hico refused to give a through bill of lading, because that company had been requested by its co-defendant not to execute such a bill.   The findings therefore do not show any liability under the statute or otherwise; nor any contract whatever on part of the Texas & Pacific Company.   They show a refusal on part of the latter to receive and transport the cattle from Cisco to Midland; and for this refusal it may have been liable, but these facts are nowhere alleged in the petition.   It is clear that the plaintiff was not entitled to recover upon the state of facts alleged, although they may have been proved upon the trial.

It may be that the trial judge gave a wrong reason for judgment, but if under the allegations and evidence not other proper judgment could have been rendered it should not be set aside.

We are therefore of the opinion that the judgment of the Court of Civil Appeals which reversed the judgment of the District Court should be itself reversed, and that the judgment of the District Court should be affirmed.   It is so ordered.

> *Judgment of Court of Civil Appeals reversed.*
> *Judgment of District Court affirmed.*