COSKREY et ux. v. MORRISON.
No. 1711.

Court of Civil Appeals of Texas. Waco.
Feb. 13, 1936.

Rehearing Denied March 12, 1936.

T. R. Mears, of Gatesville, for appellants.

Robert W. Brown, of Gatesville, for appellee.

ALEXANDER, Justice.

Morrison held a note for $500 dated April 10, 1925, signed by Coskrey and secured by a purported lien on Coskrey's homestead in Gatesville. This lien, however, was void. On June 27, 1928, Coskrey and wife conveyed their homestead to Smith and received in return vendor's lien notes for $1,250. The deed made no reference to the $500 note held by Morrison. The new notes for $1,250 were assigned by Coskrey to Morrison, who purchased the new notes at their face value, but required Coskrey to pay his old note of $500 out of the purchase price of the new notes. When Morrison brought suit for his debt evidenced by the notes for $1,250 and to foreclose his lien, Coskrey and wife alleged that the purported sale to Smith was a simulated one and was made for the purpose of placing a lien on the homestead and by reason thereof the lien was void. Morrison claimed to be a good faith purchaser of the notes. Judgment was rendered for the plaintiff, and the defendants appealed.

The trial was before the court without a jury. There is no statement of facts, but the court filed findings. In addition to the facts above recited, it was found by the trial court that at the time of the transfer of the notes to Morrison, Coskrey and wife made affidavit that the sale to Smith had been made in good faith; that immediately after the sale Coskrey and wife vacated the property and moved to Lampasas, where they remained for three years; that Smith never took possession of the property, but reconveyed it to Mrs. Coskrey on December 8, 1928, in consideration of her assumption of the notes held by Morrison; and that Morrison purchased the notes in good faith, for value and without notice of any collusion between the Coskreys and Smith.

█ It is a well-established rule in this state that where the husband and wife execute and deliver a deed to their homestead and receive in return vendor's lien notes and assign such notes to a good-faith purchaser, who takes the same without notice and pays value therefor, they are estopped as against the claim of the holder of such notes to set up the defense that the sale of the homestead was simulated. Heidenheimer Bros. v. Stewart, 65 Tex. 321; Graves v. Kinney, 95 Tex. 210, 66 S.W. 293; National Bond & Mortgage Corp. v. Davis (Tex.Com.App.) 60 S.W.(2d) 429, par. 8. The trial court found that Morrison purchased the notes in good faith, for value and without notice. It is true the special facts found by the court show that Morrison did not pay the full value of the notes in cash, but paid part cash and credited the balance on a pre-existing debt; but the part paid in cash was a substantial portion of the purchase price of the notes and constituted a valuable consideration, and, under the rule that a mere inadequacy of consideration does not alone and as a matter of law establish lack of good faith (6 Tex.Jur. 711, and 855), the court was justified in concluding that Morrison was a purchaser for value in good faith.

█ There is another reason why we think the judgment of the trial court must be sustained. The conveyance from the Coskreys to Smith in which the vendor's lien was retained to secure the negotiable notes held by Morrison appeared on its face to be regular, and if it was all that it appeared to be, Morrison held a valid lien on the property. The Coskreys sought to establish that by reason of certain facts not shown by the deed, the purported conveyance was fictitious and the lien attempted to be created thereby was void. The burden was on them to plead and prove and to secure a finding from the court that the purported sale was a simulated one. The trial court did not make any specific finding on this issue, and no request was made for a more specific finding thereon. In this connection the court found that Coskrey and wife testified that there was an agreement by Smith to reconvey the property, but that Smith did not testify in the case, and although the court had postponed the trial for several weeks to allow the defendants an opportunity to procure Smith's testimony, they had failed to produce same. Mr. and Mrs. Coskrey were interested witnesses, and the weight to be given their testimony was for the trial court. In view of the fact that they executed and delivered to Smith a deed which, on its face, purported to be an outright conveyance of their homestead, signed affidavits in which they swore that the sale was in good faith, sold the vendor's lien notes and appropriated the proceeds thereof to their own use, and then vacated the premises and remained away therefrom for approximately three years, the trial court had a right to disregard their testimony to the contrary and to find that the sale to Smith was genuine. Since

the trial court found generally in favor of the plaintiff and did not make any specific finding on the issue as to whether the purported sale from Coskrey to Smith was genuine or merely a simulated one, and since the burden was on the defendants on that issue, we must assume that the court found the issue against the defendants. 8 Tex.Law Review, 545, 548; Hanks v. Magnolia Petroleum Co. (Tex.Com.App.) 24 S.W.(2d) 5, par. 3; T. & P. Ry. Co. v. Purcell, 91 Tex. 585, 44 S.W. 1058; Lemp v. Armengol, 86 Tex. 690, 26 S.W. 941, 943.

The judgment of the trial court is affirmed.