**ESSEX et al. v. LA BOUE et al.**

No. 12095.

Court of Civil Appeals of Texas. Galveston.
June 23, 1949.

Rehearing Denied Sept. 29, 1949.

Edgar C. H. Soule, Mac Naughton & Leveridge, William A. Mac Naughton, Houston, for appellants.

Combs & Dixie, Houston (Warner F. Brock, Houston, of counsel) for appellees.

GRAVES, Justice.

This appeal is from a judgment of the 133rd District Court of Harris County, Hon. Wilmer B. Hunt presiding, sitting without a jury, decreeing that the appellees, Mary La Boue, joined by her husband, Ursin La Boue, Anita Granger, joined by her husband Joseph Granger, Rosetta Hebert, a feme sole, Whitney Hebert, Ida Bobino, joined by her husband, Ralph Bobino,

Sylvia Frederick, joined by her husband, John Frederick, Zolla Babineaux, a feme sole, Arthur Hebert, Abraham Hebert, and Naoma Carmier, joined by her husband, Alfred Carmier, recover from the appellants, Adeline Essex, joined by her husband, Arthur Essex, the title to and possession of Lots 44, 45 and the West ½ of Lot 46, in Block 18, of Highland Addition to Houston, Texas, and that, in turn, the appellants recover $6.96 in money from the appellees.

In this Court, appellants attack such judgment in their original brief, upon these 3 points:

"First: The trial court erroneously awarded the personal property of Adeline Essex and Willie Hebert to the appellees, such presonalty being in the form of a joint savings account and owned by appellant upon the death of Willie Hebert, she owning as survivor at least the amount contributed to the account.

"Second: The trial court erred in permitting testimony as to acts and conversations of the deceased by appellee and then denying the appellant the right to testify as to the acts and conversations with deceased, which formed a basis for her defense, such incompetancy under the death-statute, Vernon's Ann.Civ.St. Article 3716, having been waived by appellees' testimony.

"Third: The trial court was in error when it overruled appellants' motion for new trial founded upon newly-discovered evidence material to his defense, since prior discovery of such new evidence was not due to a lack of diligence on. the part of appellant."

In a supplemental brief, filed on the day of submission of the cause, June 16, 1949, they add points 1 and 3, as follows:

"First: the lower court erroneously awarded one half of the personal property to the appellees, when in fact all of such was owned by appellant by parol gift; or, upon the death of Willie, she owning at least all, except that shown to be contributed by Willie."

"Third: The trial court was in error when it overruled appellants' motion for

new trial, based upon newly-discovered evidence material to his defense, since discovery prior to trial was not due to a lack of diligence on the part of appellant, and since such new evidence was so material to his defense in view of the judgment rendered that a different judgment was probable."

As indicated, the cause went to trial before the court without a jury, and not requests were made for the filing of findings of fact or law, nor were any filed; however, a statement of facts has been brought up with the record.

While the parties in their respective statements—both as to the general nature and result of the suit, and in detailed recitals under their points and counter-points on the appeal—differ between themselves in many material features, it is plain that, under settled rules of procedure and decision, this Court must presume—in support of the judgment of the trial court—that the evidence sustained each and all findings of fact not recited in its stated judgment, as were necessary to support the same. Nilsen v. Bonugli, Tex.Civ.App., 220 S.W.2d 178, 4 Texas Digest, Appeal and Error, ⟲931(3) and cited cases.

The appellants, contrary to the existence of such presumptions, and contrary to the assertions of the appellees in their answering brief, ground their substantive contentions under their quoted points upon two boiled down positions, to-wit: First: the personal property of Adeline Essex, the appellant, and Willie Hebert, the appellees' deceased predecessor in title, consisted of a savings account for $606.03, in the First National Bank of Houston, all of which belonged to her, whereas, second, their only real estate—which consisted of the 2½ lots of land, described supra—Willie Hebert had made a parol gift of to her before his death.

The record so brought here discloses uncontroverted facts, or at least those having some supporting testimony, showing these, among other features:

That the appellant and Willie Hebert, deceased, were husband and wife from July 13th of 1927 to August 2nd of 1943; that

on August 6th of 1943 appellant sued him for divorce, which was granted September 7th of 1943, under a decree reciting the court's approval of an agreed property division between them, which vested the title to the lots of land here involved to him, and other lots to her; that thereafter, on September 10th of 1943, appellant intermarried with her present husband, Arthur Essex; that on November 3, 1943, slightly less than two months after the granting of such divorce and property settlement between them, Willie Hebert opened this savings account indicated in the First National Bank, of Houston, Texas, in the names of both himself and his then divorced wife, Adeline Hebert Essex; the passbook to such savings account appears to have been thereafter lost or stolen for a while, but later, on March 23rd of 1945, such account in the bank was closed, the balance therein then being $552.72; thereupon, a new savings account was opened, and such $552.72 balance was transferred thereto, the same being, as before, entered in the names of Willie Hebert and Adeline Hebert Essex.

The signature card upon the opening of such savings account was signed by both Willie Hebert and the appellant, and contained this provision:

"The bank shall not be required to make any payment to any of the undersigned or any other person or persons from the funds in this account without the presentation of the pass-book."

Willie Hebert died on July 3rd, of 1946, and shortly thereafter the passbook to such savings account was found among his effects, and was turned over to the appellant herein, who, on July 10th, of 1946, presented it to such First National Bank, and withdrew and appropriated to herself the $606.03 balance then shown on deposit therein.

■ It should be added that the appellees sued as the sole heirs of Willie Hebert, deceased, and, while no contention appears to have been made by the appellants to the contrary, the presumption that they did bear the relationship to him will be pre-

sumed in support of the court's judgment, there being testimony to that purport.

In other words, appellants' contentions rest upon the claims as originally declared upon below—that the deceased, Willie Hebert, had made a parol gift to her during his lifetime of both the real estate and the personal property (that is, the money in the savings account) involved herein.

They also, in the form of a cross-action, sued the appellees as the lawful heirs or descendants of Willie Hebert, deceased, for some $1000.00, alleged to have been paid by appellants for doctors' bills and funeral expenses incurred by them in connection with his last illness and death.

As the description of its judgment has indicated, the trial court balanced the money matters—under such several respective claims and counterclaims of the parties against each other—and found that appellants were entitled to recover of such cross-action against appellees, by reason of the claimed funeral expenses, the amount of $609.98; further that, in turn, appellees were entitled to recover $200.00 from appellants that the latter had taken from the person of Willie Hebert after he died; further, that appellants had been entitled to one-half of the bank account, supra, of $606.03, or $303.02.

With one or two other items, the final award of the court was based upon $603.02 to the appellees, with a balance of $6.96 to the appellants, besides the title to the land involved.

None of appellants' presentments, it is determined, should be sustained—the record as to existing here precluding their assertions to ownership of either the lots of land or the savings account funds, under parol gifts from Willie Hebert, or from any other right.

■ In the first place, appellants did not plead below that Mrs. Essex owned the savings account monies as survivor of her marriage with Willie Hebert, hence that claim—made upon appeal for the first time —may not be urged, because it would constitute a change in defenses between the successive courts, under such holdings as

that of the Supreme Court, in Bank of Garvin v. Freeman, 107 Tex. 523, 181 S.W. 187.

■ In the next place, as recited above, the trial court only awarded the appellants one-half of the savings account money, and that appears to have been done upon an implied finding of fact on its part that, as such account had been established and maintained by Mr. and Mrs. Hebert after their divorce, and even after her re-marriage, that they considered such fund the result of a joint enterprise between them, in which they were equally interested. See 25 Tex.Jur., Joint Adverturers; Par. 2, Page 161, footnotes 16 and 17. And there is clearly enough evidence in the record to support that as a finding of fact by the trial court, hence it would seem, pursuant to the above-recited authorities, that a presumption to that effect should be indulged, along with the others indicated, in support of the trial court's decree.

Moreover, if the theory last indicated may properly be indulged, it disposes adversely to them of appellees' cross-point on appeal, urged by them in this Court—that the trial court erred in awarding the apellants even one-half of such bank account.

In any event, upon that feature, this Court is constrained to hold that the trial court's having so allowed appellants a one-half interest in the savings account funds was not error, and overrules the appellees' cross-point to the contrary.

As concerns the award of the lots of land to the appellees, under the recitations already made, it is held that appellants hold no title whatever therein. The appellant Mrs. Essex was called by her counsel to the witness stand, and undertook to testify that before his death, she and Willie Hebert, in conversations between them, had made a parol agreement between themselves touching the disposition of the 5 lots of land, of which those here involved constituted one-half; whereupon, the appellees objected to her stating what the agreement was, on the ground that it would be in violation of the "Dead Man's Statute", Article 3716, Vernon's Ann.Texas Stats.

■■ The trial court sustained the objection, hence there was no such testimony before the court. That ruling was clearly correct, and, under the facts here, there was no waiver upon the part of appellees to assert the inadmissibility of the proffered oral statement, even though appellants had not objected to testimony by one of the appellees concerning a similar transaction with the same decedent. See Smith v. Burroughs, Tex.Civ.App., 34 S.W.2d 364, and authorities there cited.

Appellants' further complaint of the overruling of their motion for new trial below, based on claimed newly-discovered testimony, is overruled without extended discussion, upon the view that such ruling in the circumstances did not constitute an abuse of the trial court's discretion.

■ These authorities under like or comparable showing, sustain that ruling, since appellants in this instance failed to allege they had used due diligence in discovering such proffered new evidence, which further appeared to be in contradiction and impeachment of some of the testimony of appellant Mrs. Essex herself concerning the payment of taxes on the land here involved. Texas Employers Ins. Ass'n v. Moser, Tex. Civ.App., 152 S.W.2d 390; San Antonio Gas Co. v. Singleton, 24 Tex.Civ.App. 341, 59 S.W. 920, w/e ref.; Turner v. Rogers, Tex.Civ.App., 106 S.W.2d 1078; Stayton, Method of Practice in Texas Courts, par. 310, p. 308; Tarrant County Traction Co. v. Bradshaw, Tex.Civ.App., 185 S.W. 951.

The trial court's judgment will be affirmed.

### On Motions for Rehearing

Both parties have filed motions for rehearing; while they each severally reassert their original positions as passed upon by this Court's former opinion thereon, they both challenge its holding to the effect that the division of the savings account money equally between the parties might have been based upon an implied finding of fact by the trial court to the effect that such funds might have been the result of a joint enterprise between them.

They further unite in urging that no such defense was pled by the appellants below, hence, under these settled authori-

ties, no such a presumed finding could be made; Rule 301, Tex. Rules of Civ. Proc., Art. 2211, Vernon's Ann.Stat., Starr v. Ferguson, 140 Tex. 80, 166 S.W.2d 130.

On reconsideration, this court concludes that appellants' motion is without merit, hence it should be overruled; whereas, the appellees' motion insofar as it complains of the trial court's award to appellants of $6.96 on their cross-action against the appellees, is reversed, and judgment is here rendered that the appellees recover all the funds in the savings account against the appellants, instead of only one-half thereof, or a final balance in their favor of $296.-05.

In other respects, this Court's former judgment is in all things affirmed.

Appellants' motion for rehearing refused in toto, appellees' motion granted in part, otherwise refused.