## FORAN v. SMITH.

### No. 12040.

Court of Civil Appeals of Texas.
San Antonio.
Feb. 15, 1950.

252

Fischer, Wood, Burney & Glass, Corpus Christi, for appellant.

Neal B. Marriott, Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

This suit was instituted by Clinton E. Smith on December 10, 1945, in the 117th District Court of Nueces County, Texas, against Lester Foran and Rodney S. King, seeking to recover as follows:

First, against both of the defendants upon a certain promissory note in the principal sum of $1200, dated December 30, 1944, payable to Gulf Star Foundries (which was the trade name of Clinton E. Smith), due June 30, 1945, providing for interest and attorney's fees, and signed by Lester Foran and Rodney S. King.

Second, against the defendant Lester Foran only, upon open account for office facilities furnished for the months of November and December, 1944, and January, 1945, at $50 per month, and one typewriter and two fluorescent lights, amounting to $95.26, making an aggregate sum of $245.26.

Third, upon open account against both defendants for the sum of $385.03, upon a claim described by plaintiff in paragraph No. VI of his petition, as follows: "That a still further complaint against the said defendants, Lester Foran and Rodney S. King, Plaintiff would show that during the year 1945 said Lester Foran and Rodney S. King were doing business under a partnership known as Gulf Coast Industries. That from March 1, 1945, until October 30, 1945, there were various transactions and dealings between said Plaintiff and said Defendants and as a result of the said transactions these said Defendants became entitled to and did receive certain credit memorandums and the said Plaintiff did, at the special insistence and request of the said Defendants, advance and pay to the said Defendants by his invoice various sums of money. That as a result of the various transactions said Defendants are indebted to said Plaintiff on account in the sum of an additional $358.03."

On January 2, 1946, the defendants filed an answer in which they plead lack of consideration for said note, denied indebtedness on said accounts and further asked for an accounting in the following language appearing in paragraph IV of this answer: "The defendant Rodney S. King expressly denies, as does the defendant Lester Foran, that he is indebted in any manner to the plaintiff on account of transactions had by them as co-partners under the name 'Gulf Coast Industries' with the plaintiff, as alleged in paragraph VI of plaintiff's petition, and these defendants further allege that the plaintiff is indebted to these defendants on account of such transactions; and that, although these defendants have repeatedly demanded of and from the plaintiff an accounting for the funds due to these defendants by the plaintiff, the plaintiff has hitherto failed and refused to account to these defendants for such sum or sums of money as are due to them. These defendants are entitled, upon a hearing hereof, to have a full accounting of and from the plaintiff for any and all sums of money due to them under transactions had by them with the plaintiff during the period set forth in plaintiff's petition."

On June 20, 1949, defendant Lester Foran filed his first amended original answer, which was very similar to the original answer except three unnumbered paragraphs were added after paragraph IV and general-

ly referred to as sub-paragraphs 2nd, 3rd and 4th of paragraph IV. These three paragraphs read as follows:

"This Defendant would further show that on or about the 24th day of November, 1944, under and by virtue of an agreement made and entered into between the Plaintiff, this Defendant and Rodney S. King, the Plaintiff sold and conveyed unto this Defendant and to Rodney S. King, all of those certain flanged fittings and valves shown in Schedule 'A' attached hereto and incorporated herein by reference, of a reasonable value in excess of Fifty-Eight Thousand ($58,000.00) Dollars; that under the terms of such agreement delivery of such flanged fittings and valves was not made to this Defendant or to Rodney S. King, but they were retained by Clinton E. Smith, the Plaintiff herein, d/b/a 'Gulf Star Foundries', who agreed that he would cause the machining and preparation of such material for sale, and that upon completion of such materials for sale, would sell same for the account of this Defendant and for the account of the Defendant Rodney S. King; that at all times heretofore the Plaintiff, Clinton E. Smith, has had all of such materials in his possession, under his control and that he assumed the responsibility for the sale of such products and agreed to account to this Defendant for his pro rata share thereof.

"That the products shown on Schedule 'A' were at the time owned in proportion by this Defendant and the Defendant Rodney S. King, twenty-five per cent (25%) by this Defendant and seventy-five per cent (75%) by the Defendant Rodney S. King; that subsequent to such time the defendant Rodney S. King sold to the plaintiff his interest in such materials but that this Defendant is still entitled to receive an accounting for one-fourth (¼th) of the proceeds from any sale of such materials and in the event that a portion of such materials have not been sold, then this Defendant is entitled to one-fourth (¼th) of such materials in kind.

"That this defendant has information to believe and does believe that heretofore the Plaintiff, Clinton E. Smith has sold a portion of such materials for large sums of money and although often requested to do so has failed and refused and still fails and refuses to account to this defendant for same."

The record does not show that any pleading was thereafter filed by plaintiff, but we do find the following paragraph contained in plaintiff's first supplemental petition, which was filed some forty days prior to the amended answer, to-wit: "VI. Plaintiff denies all and singular the allegations contained in the 2nd, 3rd and 4th subparagraphs of the paragraph numbered IV, of Defendants' First Amended Original Answer, and further says that Defendants' cause of action, if any he has, as therein alleged, accrued more than four years before the commencement of this suit, and the same is barred by limitation; and this he is ready to verify."

The record does not show that any exceptions to the pleadings were ever called to the attention of the trial judge; or that he at any time made any rulings upon the pleadings before hearing the evidence. Therefore, under the provisions of Rule 90, T.R.C.P., every defect, omission or fault in the pleadings, either of form or substance, is deemed to have been waived by the party seeking a reversal.

The trial was to the court without the intervention of a jury and resulted in judgment in favor of Clinton E. Smith against both defendants, Foran and King, upon said note for the sum of $1635.48, and against Foran only, in the sum of $247.76. Smith took a non-suit as to his claim against both defendants for the sum of $358.03 and no recovery was had thereon. The judgment by necessary implication denied defendants any recovery upon their cross-action. From that judgment Lester Foran alone has prosecuted this appeal.

At appellant's request, the trial court made and filed findings of fact and conclusions of law, to-wit:

"Findings of Fact.

"I. I find that on December 20, 1944, the Defendants, Lester Foran and Rodney S. King, executed and unconditionally delivered to the Plaintiff, Clinton E. Smith,

their one certain promissory note in the principal sum of Twelve Hundred Dollars ($1200.00), with interest at the rate of six per cent (6%) per annum, from date of maturity until paid, payable six (6) months after date, and further providing for the payments of an additional ten (10) per cent of principal and interest if said note was placed in the hands of an attorney for collection in the event suit was brought thereon; and that said note was made payable to order Gulf Star Foundries, a trade name under which the Plaintiff, Clinton W. Smith, was still doing business.

"II. I find that no payments have been made on said note and the name is a valid, subsisting obligation of the Defendants, and that they are indebted to the Plaintiff in the full amount of principal, interest and attorney's fees, provided for in said note.

"III. I find that said note was placed in the hands of Neal B. Marriott, an attorney, for collection, and that this suit was brought in part to force the collection of said note.

"IV. I find that the delivery of said note was not conditioned on the sale of the galvanizing company by the Defendants as alleged.

"V. I find that the Defendant, Lester Foran, is justly indebted to the Plaintiff in the sum of Two Hundred Forty-seven and 76/100 Dollars ($247.76) on open Account.

"VI. I find that the cause of action asserted by the Defendant Lester Foran and jointly by the Defendant Rodney S. King in their 2nd, 3rd and 4th sub-paragraphs in paragraph IV, in the First Amended Answer of the Defendant Lester Foran was not asserted or alleged in the original answer of the defendants, and that the cause of action, if any, was based upon a written contract, dated November 24, 1944, and performable on or before March 31, 1945, and that the said cross-action first asserting said cause of action was not filed until June 20, 1949, more than four years after the cause of action as therein asserted arose.

"Conclusions of Law.

"I. I conclude that Plaintiff is entitled to judgment against Lester Foran and Rodney S. King in the amount of said note described in Plaintiff's Petition, with interest, together with his attorney's fees in the amount of ten per cent (10%) of the principal and interest as provided in said note.

"II. I conclude that Plaintiff is entitled to judgment against Lester Foran for his debt upon account in the sum of Two Hundred Forty-seven and 76/100 Dollars ($247.76), with interest.

"III. I conclude that the matters alleged in sub-paragraphs 2nd, 3rd and 4th of Paragraph IV, of the Defendant's First Amended Original Answer were not sued upon or alleged upon defensively in the original answer, and that any recovery thereon is barred by the Statute of Limitations, and therefore, Defendants are not entitled to offer proof in support of the counterclaim asserted in said sub-paragraphs of Paragraph IV, for their Amended Original Answer."

There was no request by appellant for further additional or amended findings, as is provided for by Rule 298, T.R.C.P.

■ Appellant's first point is that the court erred in finding that the matters alleged in sub-paragraphs 2nd, 3rd and 4th of paragraph IV in the First Amended Original Answer of appellant were not sued upon or alleged defensively in the Original Answer of appellant. There is no statement of facts filed herein, and in the absence of a statement of facts the general rule is that we can not consider points challenging the correctness of findings of fact. In Texas & P. Ry. Co. v. Purcell, 91 Tex. 585, 44 S.W. 1058, Gaines, Chief Justice, speaking for the Supreme Court, said: "There is no statement of facts in the record, but the conclusions of law and fact of the trial judge are shown. The judgment of the district court should therefore stand, unless it appear from the conclusions of fact that it was erroneously rendered. There are exceptions to the court's conclusions of law and to certain of

its findings of fact, but the latter cannot be considered in the absence of a statement of facts. There was no exception on the ground that the court failed to find upon any issue of fact, nor could such exception, if taken, be considered upon the record before us. It follows that the court's findings of fact must be deemed conclusive upon the issues so determined; and, since it devolves upon the party complaining of the judgment to show error, it also follows that it must be presumed in support of the judgment that every issue of fact made by the pleadings, and not determined in the court's findings, has been found in the defendant's favor."

However, appellant contends that when the pleadings are examined and the provisions of Art. 5539b, Vernon's Ann.Civ. Stats. applied, we can easily determine that this finding is incorrect. We do not agree. The trial court heard evidence before making this finding. We do not have the benefit of this evidence. If the cross-action set up in sub-paragraphs 2nd, 3rd and 4th of paragraph IV of appellant's answer was wholly based upon and grew out of a new, distinct, or different transaction and occurrence from the cross-action asserted in appellant's original answer, then the court's finding was correct. The trial court, after hearing all the evidence, was in a better position to pass upon this question than we are. There is some indication that the first cross-action was for an accounting of the transactions occurring in 1945, between appellee and appellant, doing business as Gulf Coast Industries, while the second cross-action was based upon a written contract executed by the parties on November 24, 1944. The trial court was in a better position, after hearing all the evidence in the case, to determine whether or not these two cross-actions grew out of new, distinct and different transactions and occurrences than is this Court. In other words, in the absence of a statement of facts, we cannot pass upon the correctness of the finding by the trial court.

■■ There is another reason why we should not reverse this judgment, even if we should conclude that the finding was erroneous. The appellant here is complaining, in effect, because he was not permitted to recover upon his cross-action. He has not challenged the judgment against him in favor of appellee other than to contend that he was also entitled to recover on his cross-action. The burden was upon appellant to offer evidence and establish, if he could, his right to recover upon his cross-action, and, being denied a recovery, if he intended to appeal without a statement of facts, he should have requested findings of the trial court showing his right to recover except for the alleged erroneous finding of the trial court to the effect that his cross-action was barred by the four-year statute of limitation, Art. 5527, Vernon's Ann.Civ.Stats. If his proffered testimony was excluded by the trial court, then he should have assigned as error such exclusion of testimony, and by proper bill of exception have presented such alleged error here. In which case, again, a statement of facts would have been necessary before we could pass upon the correctness of such a ruling. As far as we are here able to ascertain, appellant never offered any evidence in support of his cross-action, and the trial court did not have any evidence before him upon which he could have rendered judgment in appellant's favor.

■ The only finding made by the trial court with reference to the cross-action was against appellant, and if such finding should be stricken as incorrect, then appellant would be before us in the position of not having brought forward a statement of facts or secured findings showing his right to recover. Under such circumstances we must presume findings in favor of the judgment rendered. Lemp v. Armengal, 86 Tex. 690, 26 S.W. 941; Rilling v. Schultze, 95 Tex. 352, 67 S.W. 401; Thomas v. Quarles, 64 Tex. 491; Texas & P. Ry. v. Purcell, 91 Tex. 585, 44 S.W. 1058; Coskrey v. Morrison, Tex.Civ.App., 91 S.W.2d 902; Hanks v. Magnolia Pet. Co., Tex.Com.App., 24 S.W.2d 5. We cannot here presume that the only reason the trial court did not render judgment in appellant's favor upon his cross-action was his alleged erroneous finding that such action was barred by the four-year statute of

limitation, and therefore either reverse and render the judgment or remand the cause for a new trial. Such action would be to presume the judgment to be wrong rather than to presume that the trial court had correctly rendered the proper judgment. If there is any theory upon which we can affirm the judgment it is our duty to do so. Drake v. Stinnett, Tenn.App., 223 S.W.2d 208; Harden v. Federal Farm Mortgage Corp., Tex.Civ.App., 223 S.W.2d 39; Essex v. La Boue, Tex.Civ.App., 223 S.W.2d 35.

The fact that the trial court has made one finding in support of his judgment that appellant take nothing on his cross-action, which we may believe is incorrect, does not preclude the idea that there were other findings which he could have made that would justify his judgment. Graham Nat. Bank v. Beavers, Tex. Com.App., 290 S.W. 529.

It occurs to us that the usual reason for a take nothing judgment is that the party upon whom the burden of proof rested failed to produce sufficient evidence ·to establish his cause of action, and as a general rule he must show that he introduced evidence sufficient to support his cause of action, or that he tendered such evidence and it was erroneously excluded. There may be an exception to this rule, but none exists here.

Rule 434, T.R.C.P., provides, in part, that "no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; * * *." How can we say that the error here contended for probably caused the trial court to render an improper judgment in this case, when we are not informed as to whether appellant offered any evidence whatsoever in support of his cross-action?

What we have said necessarily requires that we hold appellant's second and third points are without merit and are, therefore, overruled.

The judgment is accordingly affirmed.

NORVELL, Justice (concurring).

I concur in the order affirming the judgment in this case. In his third conclusion of law, the trial judge held that the cross-action was barred by the statute of limitations and that "therefore, Defendants (were) not entitled to offer proof in support" thereof.

In order to recover upon this asserted cross-action it was necessary that appellant (as one of the defendants below) show (a) that he had a cause of action or a valid claim for recovery, and (b) that it had been asserted within the time prescribed by the statute of limitations. As to this second necessary showing, appellant was entitled to the benefit of the liberal provisions of Article 5539b, Vernon's Ann. Civ.Stats., relating to amendments, which provides that: "Whenever any pleading is filed by any party to a suit embracing any cause of action, cross-action, counterclaim, or defense, and at the time of filing such pleading such cause of action, cross-action, counterclaim, or defense is not subject to a plea of limitation, no subsequent amendment or supplement changing any of the facts or grounds of liability or of defense shall be subject to a plea of limitation, provided such amendment or supplement is not wholly based upon and grows out of a new, distinct or different transaction and occurrence. Provided, however, when any such amendment or supplement is filed, if any new or different facts are alleged, upon application of the opposite party, the court may postpone or continue the case as justice may require."

In my opinion, the trial judge in his third conclusion of law held that appellant in his amended pleading had asserted a claim which grew out of a distinct and different transaction from that declared

upon in the original answer. I am inclined to the view that this holding was correct. An inspection of the pleadings involved discloses that the original answer, in very general terms, declared upon matters which occurred in 1945, while the amended answer and cross-action declared upon a specific contract entered into during the year 1944.

However, if by an extremely liberal interpretation of Article 5539b, it can be said that the trial court erred in holding that the transactions declared upon in the amended answer and cross-action were distinct and different from those declared upon in the original answer, there still remains the question of whether or not the record shows that the error is one which requires the reversal of the judgment.

In my opinion, we can not say that the error is reversible because we cannot determine whether or not the appellant met the first requirement for a recovery above set out, i. e., that he had a cause of action or a valid claim. Seemingly, the trial judge excluded evidence as to the existence of such claim or at least refused to give consideration to such evidence in rendering his judgment. At any rate, the asserted error is one similar to the improper exclusion of proffered evidence, and in such cases the rule is well settled that it is necessary to show what the excluded evidence was before a tenable assertion of *reversible* error can be made. Biggins v. Gulf, C. & S. F. Ry. Co., 102 Tex. 417, 118 S.W. 125; Corrigan v. Heard, Tex.Civ.App., 225 S.W. 2d 446. The necessary showing in this case probably could have been made by additional findings upon proper request or by bill of exceptions, Rule 372, T.R.C.P., as well as by a statement of facts.

This case is somewhat unusual, in that an entire cause of action or cross-action is involved, rather than merely a portion of testimony or evidence which might bear upon a cause of action, as is the usual case. It is believed, however, that the applicable principle is the same.

I think the use of findings and conclusions instead of a statement of facts is desirable when practicable, and for that reason I have stated my views in connection with a procedural point which is deemed of importance in connection with appeals based upon findings and conclusions prepared in accordance with Rule 296, T.R. C.P.