Albert Roland STEWART, Appellant,.

v.

Edna Pearl STEWART, Appellee.

No. 15959.

Court of Civil Appeals of Texas.

Fort Worth:

Dec. 5, 1958.

---

William F. Billings, Dallas, for appellant.

Jones, Phillips & Watkins, and Marvin Jones, of Dallas, for appellee.

RENFRO, Justice.

This is an appeal from an order which denied appellant's application for reduction of child support payments set in a prior divorce judgment.

The first point of error is based on the alleged refusal of the trial court to make certain findings of fact.

■ At the request of appellant the court on March 5, 1958, signed and entered findings of fact. There was no request by appellant for further, additional, or amended findings as provided for by Rule 298, Texas Rules of Civil Procedure. If he desired additional findings it was incumbent upon him to make request under the provisions of the above rule. Baker v. Elliott, Tex.Civ.App., 198 S.W.2d 152; Century Indemnity Co. v. First National Bank, Tex.Civ.App., 272 S.W.2d 150; 4 McDonald, Texas Civil Practice, p. 1294, sec. 16.07. The point of error is overruled.

The second point alleges error of the court in holding that change of condition did not justify reduction of support payments.

The trial court found that, although appellant had voluntarily assumed additional obligation since the divorce judgment was rendered, his financial condition was better, and the requirements of the two children had increased since the support payments were ordered.

■ Appellant did not file a statement of facts. In the absence of a statement of facts, the general rule is that the appellate court will not consider points challenging the correctness of findings of fact. Foran v. Smith, Tex.Civ.App., 228 S.W.2d 251; 3–B Tex.Jur., p. 463, sec. 941.

■ It does not appear from the findings of fact that an erroneous judgment was entered. The trial court heard the evidence before making the findings on which his judgment was based. We do not have the benefit of this evidence. In the absence of a statement of facts, under the record before us, the court's findings are conclusive upon the issues determined. Texas & P. R. Co. v. Purcell, 91 Tex. 585, 44 S.W. 1058.

Judgment affirmed.