**H. J. PIPPEN, Appellant,**

v.

**Charles V. BROWN, Appellee.**

No. 3514.

Court of Civil Appeals of Texas.

Eastland.

Jan. 29, 1960.

Rehearing Denied Feb. 19, 1960.

Dabney & Dabney, Eastland, for appellant.

Frank Sparks, Eastland, Bradbury, Tippen & Brown, Abilene, for appellee.

COLLINGS, Justice.

This suit was brought by Charles V. Brown against H. J. Pippen for the breach of a contract by which plaintiff alleged Pippen agreed to sell him 319 head of cattle for $26,300. Brown alleged he delivered to Pippen as earnest money $1,500 on the 319 head of cattle and agreed to pay the balance of $24,800 when the cattle were delivered. Brown further alleged that at the time he was ready to take delivery according to the terms of the contract, Pippen was able to produce only 293 of such cattle; that the 293 cattle were transported to Colorado City by A. A. Tate who had agreed with Brown to purchase 315 of the 319 cattle for $32,900. Plaintiff alleged that he was able, ready and willing at the time to pay the balance of the agreed purchase price of $26,300, and offered to do so if Pippen would agree to deliver the rest of the cattle at a later date; that he also offered to pay for the 293 cattle delivered, and to pay the balance of the agreed purchase price upon delivery of the remainder by Pippen; that Pippen refused both of the offers by plaintiff and informed plaintiff that he would have to pay the entire purchase price for the 293 cattle taken by Tate to Colorado City because, Pippen claimed, the agreement was that defendant was to sell only that particular "bunch" of cattle to plaintiff for $26,300. Plaintiff alleged that the conduct of Pippen in failing to deliver the number of cattle as agreed amounted to a breach of contract to plaintiff's damage in the sum of $6,600, for which he sought judgment. He also sought to recover from Pippen the sum of $1,500 advanced to the defendant as good faith earnest money at the time of the agreement for the sale of the 319 head of cattle.

The case was submitted to the jury upon a general charge and a verdict was returned for the plaintiff in the sum of $4,200. Judgment was entered upon the verdict and H. J. Pippen has appealed.

To disturb a judgment based upon a jury verdict the burden is on an appellant to show reversible error properly raised and presented in a motion for new trial. Rules 320, 321, Texas Rules Civil Procedure.

We cannot agree with appellant's assumption that the cattle were sold as a bunch; that appellee was therefore guilty of a breach of contract when he failed to

pay the purchase price at the time the "bunch" was delivered and that consequently the court erred in entering any judgment for appellee. As already indicated, the verdict was a general one. There were no specific findings of fact and no special issues were requested or submitted. Every fact issue which has support in the evidence must be presumed to have been found in support of the verdict and the judgment. Baker v. Rutherford, Tex.Civ.App., 293 S.W.2d 669. If there is any theory upon which the judgment can be affirmed under the facts, it is our duty to do so. Foran v. Smith, Tex. Civ.App., 228 S.W.2d 251.

■ There was ample evidence to support a finding that the contract was that, for $26,300, Pippen agreed to sell 319 head of cattle to Brown, rather than just that particular "bunch" of cattle, regardless of number as contended by appellant. There was also evidence to support a finding, and it must be presumed the jury found, that appellant was guilty of a breach of the contract. Under these circumstances appellee was entitled to recover damages for breach of the contract. 37A Tex.Jur. 668, 669.

■■ Appellant urges that there is error in the verdict and judgment for appellee in the sum of $4,200 because, he apparently contends, that to uphold same would permit appellee to repudiate and rescind the contract for the sale of the cattle and, at the same time, affirm the contract and recover damages for lost profits and the $1,500 which he had advanced on the purchase price. It is doubtful if this point was raised in appellant's motion for new trial, but even if it is properly before this court, it is not well taken. Appellee did not seek to rescind the contract. He alleged a breach by Pippen and sought damages because of such breach. The evidence not only supported a finding that appellant breached the contract but showed that he sold the cattle to another. Under these circumstances, appellee was also entitled to recover the $1,500 payment which he made on the purchase price. The verdict was a general one and we cannot know the process or the theory by which the jury arrived at the amount of damages. Appellant waived the submission of the case to the jury on special issues and agreed upon the submission of one general issue. Appellant made no objections to the manner of submission and requested no definitions or explanatory instructions. He cannot now complain of the manner in which the case was submitted and is bound by the verdict, unless it can be shown that the verdict, or some part thereof, is not supported by evidence. Actually the evidence would have supported a much larger finding of damages than the $4,200 verdict returned by the jury.

We have carefully considered all points raised by appellant and find no reversible error. The judgment of the trial court is affirmed.